## Moyer et al., Appellants, *v.* Kennedy.

*Partnership—Partners—Fictitious names—Firm name not containing names of all persons—Failure to register—Defense on contract—Act of June 28, 1917, P. L. 645.*

In an action of assumpsit to recover for work done and materials furnished, an affidavit of defense which sets forth that the plaintiffs were carrying on a business under a fictitious name and did

not file in the office of the secretary of the Commonwealth and in the office of the prothonotary, a certificate, under oath, as required by the Act of June 28, 1917, P. L. 645, is sufficient to prevent judgment.

The Act of June 28, 1917, P. L. 645, provides that "no individual or individuals shall hereafter carry on or conduct any business under any assumed or fictitious name unless the person or persons carrying on the same shall have filed in the office of the secretary of the Commonwealth and in the prothonotary's office a certificate, under oath, signed by said person or persons setting forth the real name or names of all such persons interested in the business and also the name under which the business is being or will be conducted. The third section of the act makes the carrying on of any business in violation of this section of the act a misdemeanor.

Where the plaintiffs were conducting a business under a firm name, which was not registered, they were guilty of a misdemeanor. The account against the defendant was contracted in the prosecution of that business, and it was part of the business in which they were engaged and for which the firm was organized. An action founded on a transaction prohibited by statute cannot be sustained, although it be not expressly declared in the statute that the contract is void. Whenever it appears that the action is founded on the violation of a statute, the obligation is invalid.

KELLER, J., dissents.

Argued December 16, 1920. Appeal, No. 350, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 1, Phila. Co., June T., 1920, No. 603, in favor of defendant, on question of law raised in affidavit of defense in the case of Mason A. Moyer, William H. Carpenter and David C. Miller, trading as Moyer & Carpenter, v. Ralp Kennedy. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before SHOEMAKER, J.

The defendant filed an affidavit of defense, raising a question of law that, upon the dates set forth in the plaintiff's statement of claim, plaintiffs were carrying on a business under a fictitious name, and had not filed a certificate in the office of the secretary of the Common-

wealth and the office of the prothonotary, as required by the Act of June 28, 1917, P. L. 645.

Plaintiff took a rule for judgment for want of a sufficient affidavit of defense, and the court entered judgment for the defendant on the question of law raised in the affidavit.   Plaintiffs appealed.

*Error assigned* was the order of the court.

*H. L. Jenkins,* and with him *William S. Furst,* for appellants, cited: Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156.

*W. H. Caldwell,* of *Roper & Caldwell,* for appellee, cited: Maybin v. Coulon, 4 Yeates, 24; Seidenbender et al. v. Charles's Admr., 4 S. & R. 159; Thorne v. Travelers Ins. Co., 80 Pa. 15; Swing, Trustee, v. Munson, 191 Pa. 582; Codorus Planing Mill Co. v. Horn, 33 York 133.

OPINION BY TREXLER, J., April 26, 1921:

The plaintiffs, doing business under the firm name of Moyer & Carpenter, brought this action against the defendant to recover the amount of a book account for labor and materials furnished to the defendant from time to time.   The defendant, waiving a defense on the merits, set up as a defense at law the Act of June 28, 1917, P. L. 645, which provides that "no individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation, unless the person or persons conducting or carrying on the same shall have first filed in the office of the secretary of the Commonwealth and in the office of the prothonotary......a certificate under oath and signed by said person or persons setting forth the.real name or names and addresses of all such persons owning or interested in said business, and also the name, style or designation under which said

business is being or will be carried on or conducted."
The third section of the act makes the carrying on of any
business in violation of this prohibition a misdemeanor.
The affidavit of defense avers that the plaintiffs con-
ducted their business in the fictitious name of "Moyer &
Carpenter," without having filed the necessary certifi-
cate. The question came before the court as one of law,
and judgment was given for the defendant. But one
question is presented on the appeal—is the act referred
to a bar to the plaintiffs' actions?

It seems to be admitted that the name under which
the plaintiffs were doing business is within the terms of
the statute, and that question is not raised in the printed
argument, and seems not to have been considered in the
court below. The opinion of the court assumes that
there was a violation of the act. We might therefore
pass this phase of the case without further reference,
but as the matter is of some interest to those engaged in
partnerships, we will briefly consider it.

The purpose of the act is very evident. It is designed
to prevent fraud in business transactions. It affords a
method which enables anyone to readily ascertain
with whom he is dealing. It furnishes a means of ascer-
taining the identity of such persons where this does not
appear in the title of the firm. The act provides a sys-
tem for the registration of the real name or names, and
addresses, of all such persons owning or interested in
any business. The provisions of the act are beneficial,
and should not be frittered away by a narrow construc-
tion of its terms. The word "fictitious" is employed in
connection with "assumed," and we may reasonably con-
clude that the words are to be considered as expressive
to some degree of the same idea. It would therefore
seem that where the names of all the parties do not ap-
pear in their business style or designation, such style or
designation comes within the terms of the act. "Moyer
& Carpenter" does contain the family names of two of
the persons who purport to constitute the firm, but the

name of "Miller" the third partner, does not appear. It may be argued that where the family names of all the partners appear, the style or designation is not fictitious. Such conclusion seems to be predicated on the facts that the persons named in the style or firm name, although their identity is not fully revealed, do actually exist, and the title is true as far as it goes. Whether this be so, we need not decide, but in the case before us Moyer & Carpenter as stated before, do not compose the firm. Instead of being a partnership formed by two, there were three partners. The title or style negatives the thought that there are three partners. It is therefore fictitious. It conveys a false impression. It is indeed a narrow construction of the act which would not make its terms comply to such a condition. The averment of the affidavit of defense that the partnership was not registered was admitted in the lower court, in the printed brief of the plaintiff and in the argument at bar.

The plaintiffs were, therefore, engaged in an unlawful business. It was not only forbidden, but declared to be a misdemeanor. The account against the defendant was contracted in the prosecution of that business; it was a part of the business in which they were engaged and for which the firm was organized. It has been the declared law of this Commonwealth for more than a hundred years, that an action founded on a transaction prohibited by statute cannot be sustained, although it be not expressly declared in the statute that the contract is void. This was the rule of the common law in England, and the principle has been firmly established in this State. Wherever it appears that the action is founded on a violation of a statute, the obligation is invalid. The first case in which the question seems to have arisen was Maybin v. Coulon, 4 Yeates 24, in which the obligation asserted was entered into in violation of the navigation laws of the United States, with respect to the registration of the ownership of vessels. The court held the contract to be void. The same principle is applied in Colum-

bia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233, where it was held that a bond, given to a stakeholder to indemnify him for giving up to the winner, money deposited as a bet on an election, is void. In Seidenbender et al. v. Charles, Administrator, 4 S. & R. 150, the action was on a promissory note given on the purchase of a ticket in a lottery made by Charles for the sale of a tract of land. Defense was made that the transaction for which the ticket was sold was prohibited by an act of assembly, and this was held to be good; the court holding that an action cannot be sustained founded on a transaction prohibited by statute. The same question arose in Holt v. Green, 73 Pa. 198. The plaintiff there was a merchandise broker, and sued to recover commissions for transactions in which he was engaged. The act of Congress imposed a license which the plaintiff had not taken out. The court refused to enforce the contract on the ground that the plaintiff in transacting the business violated the federal statute. Johnson v. Hulings, 103 Pa. 498, was an action to recover commissions as a real estate broker. It appeared that the plaintiff had not taken out a license as required by the Act of 1849. After considering the numerous cases cited, the court said: "All these cases tend to elucidate the rule as stated in Swan and Scott, and determine beyond controversy that wherever it is made to appear during the trial of a case that the plaintiff's case rests upon an illegal foundation, the court will not lend its aid to enforce it." The same result was reached in Swing v. Munson, 191 Pa. 582, where a foreign insurance company undertook to do business in this State in violation of the Act of April 4, 1873, P. L. 20. Applying the doctrine of these cases to the facts presented by the pleadings, we see no escape from the conclusion that the plaintiffs' action cannot be maintained. The business was conducted in direct violation of the statute. It was not a matter collateral, or in any way incidental, to the business, or so related to it that it could be regarded as an independent transaction.

They did work and furnished material to the defendant in the regular course of their business. If the statute is applicable anywhere, it is to this state of facts. To sustain the action, it would be necessary to hold that although the cause arose contrary to the declared public policy of the State, and in a manner which might have subjected the parties engaged therein to penalties, nevertheless the obligations arising from such illegal business are of binding effect. To do so, we must disregard numerous precedents and a well established principle of the common law.

The judgment is affirmed.

DISSENTING OPINION BY KELLER, J.:

The Act of June 28, 1917, P. L. 645, is a penal statute imposing severe penalties for any violation of its provisions. It forbids individuals from carrying on or conducting business in this Commonwealth under any assumed or fictitious name, style or designation. It does not make it a misdemeanor not to include the name of every partner in the firm name or title, nor does it require the partnership to register the names and addresses of all persons interested in the business unless the firm name is assumed or fictitious.

In the present case the plaintiffs' trade name, Moyer & Carpenter, is neither assumed nor fictitious for it is the real name of two members of the partnership. To apply the Act of 1917 to such a case is to extend the provisions of a penal statute beyond not only its spirit but also its letter. The decision of the court in this case would make it a misdemeanor for a partnership to have a silent partner. I cannot agree to such a construction of the act.

The fact that appellants' counsel in this case practically conceded that the firm name was assumed or fictitious within the meaning of the Act of 1917 does not affect the question. Admissions of fact are accepted by the court as binding, but admissions of counsel as to the law in-

volved in a case do not conclude the court. Although an appellant might admit that a devise to A for life with remainder to his heirs in fee passed only a life estate to A the court would nevertheless apply the rule in Shelley's Case. The admissions of counsel on a matter of law cannot be invoked to settle legal rights involving thousands of other partnerships in similar case. If the error is fundamental an appellate court will take notice of it whether assigned or not: Canole v. Allen, 222 Pa. 156; Blake v. Wilson, 268 Pa. 472. The question was raised by one of the judges at the argument and was fully argued before the court.

I would reverse the judgment and order a procedendo.

As a matter of practice I also call attention to the rule that an affidavit of defense raising a question of law under the Practice Act of 1915 must not contain averments of fact. It is a substitute for a demurrer and must not be in effect a speaking demurrer. Under it the defendant is only entitled to judgment in his favor if the plaintiff's statement on its face fails to make out a case against him. The statement in this case did not aver that the plaintiffs were doing business under an assumed or fictitious name and had not registered as required by the Act of 1917. That averment first appeared in the affidavit of defense and it raised an issue of fact which could not be determined by the court.

PORTER, J., concurs in this dissent.