# Ferraro et al. *v.* Hines, Director General of Railroads of the United States Railroad Administration, Operating the Pittsburgh and Shawmut Railroad.

*Carriers — Negligence — Action to recover damages for goods lost in transit—Failure of shipper to register trade name—Act of June 28, 1917, P. L. 645.*

The Act of June 28, 1917, P. L. 645, providing for the registration of trade names makes it unlawful to carry on business under an assumed or fictitious name. The courts will not lend their aid to persons doing business in violation of this act.

A shipper, whose property has been lost in transit by a common carrier, to which it was intrusted, cannot recover in an action of trespass in the courts of Pennsylvania, where he has failed to register his trade name, as required by the provisions of the Act of June 28, 1917, P. L. 645.

KELLER, J., dissents.

Argued April 13, 1921. Appeal, No. 96, April T., 1921, by plaintiff, from judgment of C. P. Jefferson

County, January T., 1920, No. 152, in favor of defendant on question of law raised in affidavit of defense in the case of Albert Ferraro and Amelia Ferraro, Trading and Doing Business as A. Ferraro & Co., v. Walker D. Hines, Director General of Railroads, of the United States Railroad Administration, operating the Pittsburgh and Shawmut Railroad. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for property lost in transit, while in custody of a common carrier. Before CORBET, P. J.

The facts are stated in the opinion of the Superior Court.

The defendant filed an affidavit of defense raising a question of law that the plaintiffs were a copartnership, doing business under the firm name of A. Ferraro and Company without having complied with the terms of the Act of June 28, 1917, P. L. 645, requiring registration with the prothonotary and the secretary of the Commonwealth, and that therefore they could not bring an action in the courts of Pennsylvania.

The court entered judgment in favor of the defendant on the pleadings. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*W. L. McCracken,* for appellants, cited: Line Company et al., 101 Pa. 204; Swan v. Scott, 11 Sergeant & Rawle's Reports, 164; Wright v. Pipe Line Co., 101 Pa. 204; The Oil Creek & Allegheny River R. R. Co. v. Penn Transportation Co., 83 Pa. 160; Lestapies v. Ingraham, 5 Pa. 82; Johnson v. Huling, 103 Pa. 502; Sandy Lake Boro. v. Gas Co., 16 Pa. Superior Ct. 241.

*Edgar W. Tait,* and with him *Edwin E. Tait* and *Edward E. Carmalt,* for appellee, cited: Sykes Department

Store v. Railroad Co., 67 Pitts. L. J. 517; Snaman v. Maginn, 68 Pitts. L. J. 385; Graighill v. Hoff, 68 Pitts. L. J. 387; Codorus Planing Mill Co. v. Horn, 68 Pitts. L. J. 26; Donahue v. Mellinger, 37 Lanc. L. R. 48; Ackerman v. Meckoloff, 68 Pitts. L. J. 313; Koons v. Nice, 36 Montgomery L. R. 187.

OPINION BY TREXLER, J., July 14, 1921:

This suit is brought by Albert Ferraro and Amelia Ferraro, trading and doing business as A. Ferraro & Company. The Act of June 28, 1917, P. L. 645, provides that "no individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation, unless the person or persons conducting or carrying on the same shall have first filed in the office of the secretary of the Commonwealth and in the office of the prothonotary......a certificate......setting forth the real name or names and addresses, of all the persons owning or interested in the said business, and also the name, style or designation under which said business is being or will be carried on or conducted."

The first inquiry presented is, Is A. Ferraro & Company an assumed or fictitious name? In the recent case of Moyer et al. v. Kennedy, 76 Pa. Superior Ct. 523, we held that the firm name of Moyer & Carpenter came under the ban of the act in that the firm was composed of three partners, the third being Miller, and that the name was assumed or fictitious; that it conveyed a false impression. Instead of being what the name indicated, a partnership of two persons, it was actually composed of three persons. The present case differs somewhat from that, in that the word "company" is used. The word "company" gives no notice as to who the other member or members of the firm are. There may be one or many. Certainly it does not indicate that Amelia Ferraro was the other member. It might apply to any-

one. The word is impersonal. We think the title comes within the prohibition of the act.

A question whether those who do business under a fictitious or assumed name may enforce a contract entered into in the prosecution of such business has been discussed in a number of cases. The act of assembly above referred to makes it unlawful to carry on business under an assumed or fictitious name, and the courts will not lend their aid to persons doing business in violation of the act. This phase of the subject has been discussed in the cases of Moyer et al. v. Kennedy, supra, and that of Snaman v. Maginn, the opinion in the latter case by our Brother HEAD being filed concurrently with this. We can add nothing profitably to what has already been said upon this matter.

It is argued that the contract in this case being made with the railroad company in the name of A. Ferraro, its enforcement does not necessarily involve the business of the firm. The suit however, is brought by Albert Ferraro and Amelia Ferraro doing business as A. Ferraro & Company. On the face of things the transaction occurred in the business they were conducting. Had Ferraro desired to submit proof that the transaction was not in the line of his business, or that he was acting solely as an individual, not trading under a fictitious name, the course open to him would have been to have declared accordingly.

As to all the questions involved, we think the lower court decided the case correctly.

The judgment is affirmed.

DISSENTING OPINION BY KELLER, J.:

If, following the decision of this court in Moyer and Carpenter v. Kennedy, 76 Pa. Superior Ct. 523, we are constrained to hold that it was a violation of the Act of June 28, 1917, P. L. 645, for Albert Ferraro and Amelia Ferraro to carry on business under the firm name of A. Ferraro & Company, without registering their

names and addresses, as if the firm name were assumed or fictitious,—of which I am by no means convinced,—I am nevertheless of the opinion that the mere transporting of their property by railroad from one place to another, was not such a conducting or carrying on of that business as rendered them guilty of a misdemeanor or forfeited their property or legal rights in connection therewith to the common carrier who by his negligence lost or damaged the goods entrusted to him for carriage. The illegal act of the plaintiffs in carrying on business without registering as required by the Act of 1917 had no relation to the obligation of the defendant as a common carrier, and upon no sound principle can the defendant be excused or exonerated from responsibility.

In the case of Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390, Judge HENDERSON in discussing the Act of June 28, 1917, said, "The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations......It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted."

Practically the same question as arises here came before the Court of Appeals of New York in the case of Wood v. Erie Ry. Co., 72 N. Y. 196, where the plaintiff who was engaged in the business of manufacturing and selling carriages under the trade name of Wood Bros., in violation of a statute making it unlawful and a misdemeanor for any person to transact business in the name of a partner not interested in his firm, delivered to the defendant railway a carriage marked Wood Brothers, for shipment from Buffalo to New York. The carriage was injured in transit and the plaintiff having

sued for the damages sustained by such injuries, the defendant set up as a defense that it was not liable because the plaintiff was conducting his business in violation of the statute. The court of appeals affirmed a judgment against the defendant, saying, inter alia:

"We must consider the purpose of an act of this character in construing the same and the mischief it was designed to suppress......A railroad corporation who is merely engaged in the transportation of property purchased by an owner, in the name of a firm which has been dissolved, cannot be regarded as embraced within the scope and spirit or meaning of the statute cited. It is neither a vendee, an employee or contractor for work done, nor a dealer with the person using the name of a partner not interested in the firm, in the sense of the statute, or within its plain meaning or import. It incurs no hazard on any such ground and cannot be defrauded as other persons may be by trusting to the credit of a name unlawfully used. It can lose nothing by the transaction, as it is abundantly secured by a lien on the property transported, which may be held for the freight until such freight is paid......The shipping and receiving of carriages was not the business of the plaintiff but merely incidental to the business of manufacturing and dealing in this species of property. In this case it was a separate and distinct matter, outside of the plaintiff's ordinary business and in no wise a violation of the statute."

"Although a man may be engaged in a particular kind of business in violation of the statute cited, it does not necessarily follow that the property which he owns becomes forfeited and outside of legal protection, when an intruder or a person who for a particular purpose has possession of such property, and without any right or claim converts or destroys the same. A wrongdoer is not protected in the invasion of the rights of another because such a party happens to be transacting business in violation of a special statute.. Suppose property

owned by a person who transacts business in violation of the law is placed in the hands of another for a special purpose by a letting for hire or otherwise, would there be no redress for a wilful conversion or destruction or misappropriation of the same, or for any other wrong? Most clearly there would be a remedy at law. The illegal transaction of the general business is one thing; but that has nothing to do with an unlawful act which destroys or appropriates the property of another, or commits any other injury, and cannot justify or excuse the same. A violation of the laws relating to the Sabbath will not excuse gross negligence, or justify a wrong upon the property or person of another. A carrier of passengers owes the same duty to one who is violating the statute prohibiting travel on Sunday, as if he was lawfully traveling, and is responsible for a failure to perform it the same in the one case as the other (Carroll v. Staten Island Railroad Co., 58 N. Y. 126). It was said in the case last cited that to hold the carrier exempt, would be creating a species of judicial outlawry to shield a wrongdoer from a just responsibility for his wrongful act. In the case at bar quite as strong reasons exist for holding that the defendant should not be exempt from liability for injury to property intrusted to its charge, the transportation of which could have no direct connection with the illegal violation of the statute by the plaintiff in conducting the business in which he was engaged. The illegal act of the plaintiff had no relation to the obligation of the defendant as a common carrier, and upon no sound principle can the defendant be excused or exonerated from responsibility."

The same principle was upheld by our Supreme Court in the case of Duroth Mfg. Co. v. Cauffiel, 243 Pa. 24, where it was held that a foreign corporation owning personal property in this State though not registered in accordance with our acts of assembly, is nevertheless entitled to maintain an action of replevin for such property in the courts of Pennsylvania; and in the case of

Engle v. Capital Fire Ins. Co., supra, this court ruled that an individual conducting business under an assumed name though not registered in accordance with the Act of 1917, might nevertheless recover against an insurance company upon a policy insuring the machinery and stock of goods used in such business.

By a strict construction of the act, with which I am not in sympathy, we have already ruled that a statute intended to protect persons giving credit in reliance on an assumed or fictitious name may be invoked by a dishonest debtor to escape the payment of his just obligations; in other words, that a statute designed to prevent fraud may be used to abet fraud, provided the transaction is in the course of the business carried on under the assumed or fictitious name. But even those decisions do not go so far as to relieve a railroad company, which has been guilty of negligence in the transportation of goods entrusted to it for carriage and safe delivery, from the consequences of its carelessness by pleading that the shippers in the conduct of their regular business, as to which the railroad company was in nowise concerned or involved, had violated the terms of a penal statute. In my opinion the reasoning of the Court of Appeals of New York in the Wood case is unanswerable, and should rule this appeal in favor of the appellants.

I would reverse the judgment and award a procedendo.