## Hanan & Son v. McGowan.

*Partnership—Family name—Fictitious names—Act of June 28, 1917.*

A partnership between father and son, not registered under the Act of June 28, 1917, P. L. 645, but continuing a lawful business under the family name, was held not within the meaning of the act, and an appeal was allowed from the County Court, where a verdict had been directed in favor of defendant.

Petition for leave to appeal from the judgment of the County Court. C. P. Allegheny Co., April T., 1921, No. 324.

Before Cohen, Stone and Carpenter, JJ.

*Seymour, Patterson & Siebeneck,* for plaintiffs.

*Weil, Christy & Weil,* for defendant.

CARPENTER, J., Aug. 4, 1921.—Being of opinion that an appeal should be allowed, we deem it proper to state some of our reasons. Plaintiff's firm consists of the three persons named in the caption, and when the transaction giving rise to this suit occurred was not registered. The Act of Assembly of June 28, 1917, P. L. 645, invoked by defendant as a legal bar to the action, reads in part as follows: "No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation," etc.

Then follow directions as to the filing of certificates, and a provision (section 3) making failure to comply with the requirements of the act a misdemeanor, punishable by a fine of $500 or imprisonment, or both. The trial judge in the County Court, being of opinion that the statute barred the action, directed the jury to find for the defendant. We are not at present prepared to say the act makes it a crime to continue business, in itself lawful, in the family name without registering, nor that the omission of the letter "s" from the firm name makes it fictitious. Nor are we persuaded that the members of a family carrying on a lawful business as a firm in the morning of June 28, 1917, became law-breakers during the day, or at the latest the next day, by the approvel of the act here pleaded in bar of plaintiff's action. To yield the drastic consequences, civil and criminal, which must result in every case in which the construction contended for by counsel for defendant prevails, the statute should speak in words too clear to admit of doubt. Counsel for defendant cites and relies upon Moyer & Carpenter v. Kennedy, 76 Pa. Superior Ct. 523, but in that case three persons having different surnames, and, except as members of the firm, strangers to each other, carried on business in the names of two. In that case Judge Trexler, speaking for the majority, says: " 'Moyer & Carpenter' does contain the family names of two of the persons who purport to constitute the firm, but the name of 'Miller,' the third partner, does not appear. It may be argued that where the family names of all the partners appear the style or designation is not fictitious."

But whether this argument would or would not prevail in such a case the court does not decide. Judges Porter, Head and Keller dissented, the latter writing the dissenting opinion.

We must not overlook the fact that the act adds to the calendar of statutory crimes transactions conducted by the parties thereto in perfect good faith and without thought of offending against any known law; for in such circumstances the law should not be extended a hairbreadth beyond its intendment.

In view of the facts disclosed, we do not think our conclusion conflicts with the decision of the Superior Court above cited. Rule absolute.

From Edwin L. Mattern, Pittsburgh, Pa.