# Bovaird et al., Appellants, *v.* Barrett & Son.

*Practice, C. P.—Practice Act of 1915, P. L. 483, section 20—Affidavit of defense raising questions of law and fact—Judgment for defendant—Plaintiff's reply—Averments of fact.*

Section 20 of the Practice Act of 1915, P. L. 483, authorizes the entry of judgment, by the court, in favor of the defendant where the affidavit of defense raises a question of law, without answering the averments of fact in the plaintiff's statement, but only where the question of law arises out of facts averred in the plaintiff's statement.

The Practice Act makes no provision for a reply by the plaintiff to averments of fact contained in the affidavit of defense, unless they set up a set-off or counterclaim.

*Practice, C. P.—Practice Act of 1915, P. L. 483, sections 4 and 20—Demurrer—Questions of law—Judgment for defendant.*

The Practice Act abolishes demurrers, and directs that questions of law theretofore raised by demurrer shall be raised in the affidavit of defense, but this does not mean that matters of pure defense (excluding set-off and counterclaim), first averred in the affidavit, can be accepted as proven without a trial, so as to justify the entry of judgment in favor of the defendant.

The only situation which justifies a judgment in favor of the defendant, under section 20 of the Practice Act, is one where the averments in the plaintiff's statement, even if proven, would not have made out a case against the defendant, and "a compulsory nonsuit would have been inevitable."

*Practice, C. P.—Practice Act of 1915—Judgment for defendant —Act of June 28, 1917, P. L. 645—Fictitious name—Failure to register.*

It was error for the court below to enter judgment for defendant upon an affidavit of defense which averred that plaintiff was unlawfully carrying on business under an assumed or fictitious name, without being registered as required by the Act of June 28, 1917, P. L. 645. Matters of substantive defense must be proved.

Argued October 27, 1921. Appeal, No. 143, Oct. T., 1921, by plaintiffs, from judgment of C. P. McKean County, Oct. T., 1919, No. 54, for defendant on affidavit of defense, raising a question of law, in the case of

68, (1921).] Statement of Facts—Opinion of the Court.

George W. Bovaird, Frank M. Enright, Mark V. Enright, William Enright and Joseph S. Barry, Copartners, trading as Enright & Company, v. V. S. Barrett and Glenn V. Barrett, trading as Barrett & Son. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit on contract to recover for services rendered. Before BOUTON, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant on an affidavit of defense, setting forth that plaintiff was doing business under a fictitious or assumed name without filing a certificate with the secretary of the Commonwealth and its prothonotary. Plaintiffs appealed.

*Errors assigned* were the entering of judgment against plaintiffs, and finding that plaintiffs were doing business under a fictitious name without having filed a certificate as required by Act of June 28, 1917, P. L. 645.

*Thomas F. McMahon,* and with him *Rufus B. Stone,* for appellants.—The name of plaintiffs (appellants) is neither assumed nor fictitious: Pendleton v. Kline, 24 Pac. 659; 85 Cal. 142; Patterson v. Byers, 89 Pac. 1114, 17 Okla. 633.

*W. E. Burdick,* for appellees.—The case is controlled by Moyer et al. v. Kennedy, 76 Pa. Superior Ct. 523.

OPINION BY KELLER, J., December 12, 1921:

The appellant brought an action in assumpsit against the appellees. The latter filed an affidavit of defense denying the averments in the plaintiffs' statement of claim, and later by leave of court, filed a supplemental affidavit of defense, in which as "a further legal defense" it was averred that the plaintiffs were not entitled to

maintain the action for the reason that they were unlawfully carrying on business, in that they had not complied with the Act of June 28, 1917, P. L. 645, making it unlawful for any individual or individuals to carry on or conduct any business under an assumed or fictitious name, style or designation unless a certificate as required by the act is filed in the office of the secretary of the Commonwealth and of the prothonotary of the proper county.

Without any proof of the averments of fact contained in the supplemental affidavit of defense the case was placed on the argument list, as if it raised only a question of law, under section 20 of the Practice Act of 1915 (P. L. 483), and the court entered judgment against the plaintiffs.

This was error. The Practice Act makes no provision for the entry of such a judgment by the court on a rule, without trial, in such circumstances and on this state of the record.

Section 20 of the Practice Act authorizes the entry of judgment by the court in favor of the defendant where the affidavit of defense raises a question of law, without answering the averments of fact in the plaintiff's statement, but the question of law so raised arises out of the facts averred in the plaintiff's statement, not out of the facts first averred in the affidavit of defense and not proven to be true. The Practice Act makes no provision for a reply by the plaintiff to the averments of fact contained in the affidavit of defense, unless they set up a set-off or counterclaim. It is only to the set-off or counterclaim thus alleged that the plaintiff must reply within fifteen days after service or have them taken as admitted (sections 6 and 15). He is under no obligation to reply to and deny the averments of fact contained in the affidavit by way of defense to the plaintiff's claim and not constituting a set-off or counterclaim, and they cannot be considered as proven so as to authorize judgment against him, but are only accepted as true to prevent

summary judgment being entered against the defendant. In other words the court can say, considering the facts averred in the affidavit of defense as if proven at the trial they constitute a good defense to the plaintiff's claim and he is not entitled to judgment for want of a sufficient affidavit of defense; it cannot go further and say, we will give the facts thus averred in the affidavit the same force and effect as if they had been proven at the trial and enter judgment upon them in favor of the defendant.

The Practice Act abolishes demurrers, and directs that questions of law theretofore raised by demurrer shall be raised in the affidavit of defense as provided in section 20, but this does not mean that matters of pure defense (excluding set-off and counterclaim), raised in an affidavit of defense can be accepted as proven without a trial, so as to justify the entry of judgment in favor of the defendant. Under the Practice Act the defendant can raise any question of law arising out of the averments in the plaintiff's statement just as he could do formerly by demurrer, but without subjecting himself to the risk of judgment being entered against him if his motion is denied, which was one of the consequences of a demurrer in common law pleading; for by section 20, if the court decides the question of law so raised against the defendant, he is entitled to file a supplemental affidavit of defense to the averments of fact within fifteen days; but the question of law thus raised is the same kind that could formerly be raised by demurrer and must arise out of the facts averred in the plaintiff's statement and not out of new facts introduced by way of defense; in other words, it must not be what was called in common law pleading, a speaking demurrer, that is, one which alleges new matter, in addition to that contained in the narr, as a cause for demurrer. "A demurrer is never founded on matter collateral to the pleading which it opposes, but arises on the face of the statement itself": Stephen on Pleading, 62. The affidavit of defense setting

up questions of law only, provided for by section 20, is in the nature of a demurrer: Scranton A. & S. Co. v. Scranton Board of Trade, 271 Pa. 6, p. 8. "It was the intention of the legislature to include in the answer legal objections that were formerly submitted by way of demurrer": Shifferstine v. Sitler, 264 Pa. 290, p. 292. "To bring a case literally within this clause of the statute, the affidavit should raise questions of law only and that would be correct practice": Jackson v. Myers, 260 Pa. 488, p. 491. It is true that in the last-named case averments of fact contained in the affidavit were treated as surplusage, but that was because "such averments might have been stricken out as immaterial"; judgment was entered in favor of the defendant because the averments in the plaintiff's statement, even if proven on the trial, would not have made out a case against the defendant and "a compulsory nonsuit would have been inevitable," and that is the only situation which justifies a judgment in favor of the defendant under section 20 of the Practice Act.

The defense raised by the supplemental affidavit of defense was, if the facts were as alleged therein, a good one: Moyer & Carpenter v. Kennedy, 76 Pa. Superior Ct. 523; Snaman v. Maginn, 77 Pa. Superior Ct. 287; Ferraro v. Hines, 77 Pa. Superior Ct. 274; but like any other matter of substantive defense it had to be averred in the affidavit and proven at the trial: Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156. It could not be raised by demurrer: Ibid, pp. 159 and 160. It was held in Feldgus v. Friedman, 269 Pa. 60, that even at the trial, the refusal of the plaintiff when called as for cross-examination to state whether he had registered under the Act of June 28, 1917, suprá, based on the ground that it might incriminate him, did not justify an inference that he had not complied with the law; that it was the duty of the defendants to produce direct evidence of the fact, and that judgment non obstante veredicto could not be entered on such a state of the record. Much less can the

unsupported averment in an affidavit of defense concerning a fact, to which the plaintiff was not obliged to make any reply or denial, justify the entry of judgment in favor of the defendant.

In the cases of Moyer & Carpenter v. Kennedy, supra, and Ferraro v. Hines, supra, while judgment had been entered in the court below on the same state of the record the parties stipulated on the argument at bar that the cases should be considered with the same force and effect as if the averment of fact in the affidavit of defense had been contained in the plaintiff's statement. While the practice was not technically correct, in view of the stipulation we overlooked it so that an early decision of a much-mooted legal question might be rendered. In the present case the parties refused to make such stipulation.

The second and third assignments of error are sustained and the judgment is reversed with a procedendo.