## Sperry Manufacturing Company v. Day et al.

*Names — Fictitious names — Registration—Failure to register—Right to defend action—Acts of June 28, 1917, and May 10, 1921.*

1. Under the Act of June 28, 1917, P. L. 645, it was unlawful to carry on business under an assumed name without registration, and contracts made in carrying on such business in violation of the statute were illegal.

2. The Act of May 10, 1921, P. L. 465, provides that failure to register shall not impair or affect the validity of any contract made with the person or persons carrying on business under a fictitious name. This act further provides that proceedings at law or in equity may be instituted and maintained on such contracts, but before any person who has not complied with the act can institute or maintain such action, he must register and pay certain fees or fines.

3. The provisions of the Act of 1917, as amended by the Act of 1921, requiring compliance with the act as a requisite to the right to maintain an action at law, are applicable only to the plaintiff in the action.

4. The fact that it appears from the affidavit of defence in an action of *assumpsit* that the defendant has been carrying on business under an assumed or fictitious name is not sufficient to entitle the plaintiff to judgment for want of a sufficient affidavit of defence.

Motion for judgment for want of a sufficient affidavit of defence. C. P. Dauphin Co., June T., 1921, No. 49.

*Sumner Bowman,* for plaintiff; *M. E. Stroup,* for defendants.

HARGEST, P. J., Dec. 29, 1922.—The plaintiff in this case filed its statement, which set out that the defendants contracted, in writing, to purchase 10,000 ash warehouse broom handles for $67 per thousand, which were delivered according to contract, and which the defendant refused to accept. The plaintiff thereupon placed the goods in the open market and sold them for $65 per thousand, which was the best and highest price obtainable, and that the loss, including the expenses to which the plaintiff was necessarily put in making said sale, amounted to $220.79, for which the suit was brought.

The plaintiff alleged in the second paragraph of its statement as follows: "Upon information and belief, that the Union Broom Works and the C. Day

Sperry Manufacturing Company v. Day et al.

& Bro. are trade names assumed and fictitious under which Charles W. Day has been doing business." The affidavit of defence admits the averments of the second paragraph of the plaintiff's statement. The motion for judgment is made on the ground that the defendant has not complied with the Act of June 28, 1917, P. L. 645, which was amended by the Act of May 10, 1921, P. L. 465.

There is nothing in this case before us, and nothing brought on the record, to show that the defendant has not complied with this act of assembly. The allegation of the statement is that he has done business under these assumed names, which is admitted, but there is no allegation and no admission that he has not complied with the act of assembly. This of itself is sufficient to deny the plaintiff's motion.

But there is no merit in this motion. Under the Act of 1917 and prior to the Amendment of 1921, it was not only unlawful to carry on business under an assumed name without registration, but the contracts made in carrying on such business in violation of the statute were illegal: Snaman v. Maginn, 77 Pa. Superior Ct. 287; Moyer v. Kennedy, 76 Pa. Superior Ct. 523; Ferraro v. Hines, 77 Pa. Superior Ct. 274. The Amendment of May 10, 1921, P. L. 465, changed that situation. That amendment provides that the failure to register shall not impair or affect the validity of any contract made with the person or persons carrying on business under a fictitious name, and that proceedings at law or in equity may be instituted and maintained on any such contract, if the persons comply with the act. It further provides that, before any such person or persons can institute any action in the event that they have not complied with the act prior to the making of the contract, they shall pay to the Secretary of the Commonwealth a license fee or fine of $25, and the amendment is made to apply to all actions pending at the date of its passage.

It, therefore, appears that the contract is not invalid, as the plaintiff contends, and that all that would be necessary, even if the Amendment of 1921 could be construed to refer to defendants, would be to pay the $25 license fee or fine. It is, however, apparent that that provision applies only to plaintiffs who must comply with the act and pay the license fee or fine before instituting action, or, if action has been begun and the question subsequently raised, the payment can be made under the provisions of the act. Moreover, the plaintiff would be in a peculiar position if we adopted his contention that the contract is void. If it is void, he has no contract on which to sue, and certainly could not recover on a void contract.

Statutes similar to ours are in force in many of the states, and a rather extended examination shows that this is the first time that it has been asserted in this State, or elsewhere, that the statute can be invoked against a defendant: Bolen v. Ligett, L. R. A., 1916, D., 352, and note 355; Hunter v. Patterson, L. R. A., 1915, D., 987, and note. This is a penal statute, and in Hughes and Dier v. McClure, 77 Pa. Superior Ct. 325, it is held that it is to be strictly construed and "not to be stretched to cover any case which is not clearly embraced by its terms." It would be a rather novel proceeding to bring a defendant forcibly into court by the power of judicial process, and when he gets there to tell him that, having come in obedience to the process, he has no rights and cannot defend against the plaintiff's claim. That this would be taking property without due process of law needs no discussion. In any event, it is clear that the Amendment of 1921 applies to plaintiffs and not to defendants.

For these reasons, the motion for judgment for want of sufficient affidavit of defence is hereby overruled.

From William Jenkins Wilcox, Harrisburg, Pa.