## Com., to use of Hagerling Motor Car Co., v. Palmer et al.

*Fictitious names—Actions—Statement—Failure to show compliance with the Fictitious Names Acts of 1917 and 1921—Affidavit of defence—Questions of law.*

1. The "Hagerling Motor Car Company," used to designate the business carried on by L. H. Hagerling, is a fictitious name within the meaning of the Act of June 28, 1917, P. L. 645.

2. When an individual comes into court and brings an action in which it appears upon the face of the pleadings that he is conducting business under an assumed or fictitious name, he must show affirmatively that he has complied with the statute regulating the use of fictitious names, and his failure to so show may be raised by an affidavit of defence under section 20 of the Practice Act of May 14, 1915, P. L. 483.

3. The Act of May 10, 1921, P. L. 465, is not limited to persons who live outside of the Commonwealth and carry on business under an assumed or fictitious name in this State through an agent. It applies to all individuals who may have conducted business under an assumed or fictitious name without complying with the Fictitious Names Act of June 28, 1917, P. L. 645, and who have made contracts upon which they desire to sue.

Affidavit of defence raising questions of law. C. P. Dauphin Co., June T., 1922, No. 879.

*Victor Braddock,* for plaintiff; *Rosenberg & Rosenberg,* for defendants.

HARGEST, P. J., June 2, 1923.—This case arises upon an affidavit of defence raising questions of law.

The plaintiff's statement of claim avers "that the Hagerling Motor Car Company, plaintiff, by L. H. Hagerling, sole owner, on Aug. 18, 1920, caused a writ of replevin against George W. Shuler to issue out of" this court. The defendant Palmer was the party in possession, and he gave a bond with the defendants Fishman and Bowman as sureties and retained the property. The replevin case resulted in a verdict in favor of the plaintiff, whereupon this suit was brought to recover upon the bond. The defendant Samuel Fishman filed an affidavit of defence, under section 20 of the Practice Act of May 14, 1915, P. L. 483, denying the plaintiff's right to recover because the statement shows that the plaintiff, L. H. Hagerling, was trading as the Hagerling Motor Car Company, and "was using an assumed or fictitious name," and because the statement does not show that such assumed or fictitious name is registered, as required by the Fictitious Names Act of June 28, 1917, P. L. 645.

3 D. & C.

In Mangan v. Schuylkill County, 273 Pa. 310, it is held that the word "fictitious," as used in this act of assembly, is explanatory of "assumed," and means "pretended," "not real," "arbitrarily invented or devised." "The Hagerling Motor Car Company" is certainly within this definition. An individual cannot be a company. This name implies a corporate existence rather than a single individual trading in that capacity. Therefore, it is a pretended and arbitrarily devised name. The word "company" gives no notice as to who compose it. See Ferraro v. Hines, 77 Pa. Superior Ct. 274, in which it was held that where Albert Ferraro and Amelia Ferraro composed the company, the name of A. Ferraro & Co. was an assumed and fictitious name. Even the initials of the plaintiff are not included in the name of the company, as in the case last cited. There is no question of an old-established firm using the initials of the members, as in the cases of Walker et al. v. Mason, 272 Pa. 315; Walker & Kepler v. Mahler, 38 Lanc. Law Rev. 215; Hanan & Son v. McGowan, 1 D. & C. 356. The situation here is very similar to that in Snaman v. Maginn, 77 Pa. Superior Ct. 287, in which the plaintiff was E. U. Snaman, trading as Snaman Realty Company, which was held to be a name requiring registration under the statute. We think, therefore, there can be no doubt that this is an assumed and fictitious name, under the Fictitious Names Act of June 28, 1917, P. L. 645: S. Berger & Co. v. Sherman, 24 Dauphin Co. Reps. 357; Moyer v. Kennedy, 76 Pa. Superior Ct. 523.

The plaintiff, however, contends that this question is not properly raised, and cites in support of that contention the case of Royer et al. v. Danner, 1 D. & C. 643, in which it was held that a statement of claim will not be stricken off on the ground that the plaintiffs were doing business under a fictitious name, and that they had not averred that they were registered as required by the Act of June 28, 1917. The court in that case said: "There is no contention that they are not registered, and since the law requires their registration, it will be presumed that they have complied with its requirements."

The case cited does not show how the suit was brought, but if it be regarded as authority for the proposition that when a statement shows on its face that the plaintiff is doing business under an assumed and fictitious name, it need not aver that he has complied with the law in the use of that name because his compliance is presumed, we cannot agree with that conclusion. The Act of 1917 makes it unlawful for an individual to carry on or conduct business under an assumed or fictitious name without registration. When, therefore, an individual comes into court and brings an action in which it appears upon the face of the pleadings that he is conducting business under an assumed or fictitious name, we think he must show affirmatively that he has complied with the statute. Moreover, the amendment to the Fictitious Names Act of May 10, 1921, P. L. 465, provides that while the failure to file certificates shall not invalidate contracts, yet, before any person who has made a contract while carrying on business under an assumed or fictitious name "can institute any action in any courts of this Commonwealth, or before any justice of the peace or magistrate thereof, on any cause of action arising prior to the filing of the certificate provided for in this section, such person or persons shall pay to the Secretary of the Commonwealth, for the use of the Commonwealth, a license fee or fine of $25." This amendment is so printed as to make it appear, upon a casual reading, that it applies only to the owners of business who live outside of the Commonwealth and carry on or conduct any such business through an agent, but a careful reading of the amendment clearly shows that it applies to all individuals who may have conducted busi-

ness under an assumed or fictitious name without complying with the act and made contracts upon which it is desired to sue.

We are, therefore, of opinion that the question is properly raised and that the plaintiff cannot recover until it has at least complied with the Act of May 10, 1921.

Judgment is, therefore, directed to be entered against the plaintiff and in favor of the defendant.

From George R. Barnett, Harrisburg, Pa.