## Sweet, Orr & Co., Inc., v. Ferris Brothers.

*Justice of the peace—Appeals—Change of cause of action—Affidavit of. defence—Question of law—Demurrer—Practice Act of May 14, 1915.*

1. Upon an appeal from a judgment of a justice of the peace, the cause of action cannot be changed.

2. The adding, on appeal, to a bill declared on before a justice of the peace, of other items of similar merchandise as part of a running account, is not a change of the cause of action.

3. The question of law contemplated by the Act of May 14, 1915, P. L. 483, must arise out of the facts averred in the plaintiff's statement, and not out of new facts introduced by way of defence.

4. A defendant in his affidavit of defence cannot traverse the material facts in the plaintiff's statement and set up his affirmative defence thereto and include therein a legal defence in bar of plaintiff's right to recover.

Affidavit of defence in nature of demurrer. C. P. Crawford Co., Sept. T., 1923, No. 35.

*Otto Kohler*, for plaintiff; *Thomas & Thomas*, for defendant.

PRATHER, P. J., Dec. 1, 1923.—This case originated before an alderman and resulted in a judgment in favor of the plaintiff for $104.81. Defendant appealed therefrom and plaintiff filed its statement of claim in the above term and number, with claim for $193.67. The claim was for merchandise purchased on three different dates during the years 1920 and 1921, and was in the nature of a running account.

Defendants filed their affidavit of defence to the merits of the case, and in the concluding paragraph thereof aver that they deny that the plaintiff has any right to recover, for the reason that the same is not based on the same case set forth and sued upon before the magistrate, in that it was for a larger sum and for items of merchandise purchased not only on the dates named in the action before the alderman, but upon other dates.

Three questions present themselves for consideration, namely: 1. Can the defendant set up such an independent averment of fact to defeat plaintiff's statement of claim? 2. Does the averment disclose a change in the cause of action? 3. May a defendant file a responsive affidavit to plaintiff's statement and include therein a defence in bar of plaintiff's right to recover?

The law is well settled that upon an appeal from judgment from the justice of the peace to the Court of Common Pleas, the cause of action cannot be changed: Katch *v.* Benton Coal Co., 19 Pa. Superior Ct. 476; Swain *v.* Brady, 19 Pa. Superior Ct. 459; Deihm *v.* Snell, 119 Pa. 316; Bechtol *v.* Cobaugh, 10 S. & R. 121.

But we are not convinced that the adding to a bill already declared upon other items of similar merchandise as a part of a running account is a change of action, any more than a subtraction therefrom of one of the items originally claimed for before the justice. The action in question is all for men's furnishings; the items generally consist of pants. The invoices in plaintiff's statement of claim are marked "A," "B," "C" and "D," representing purchases made on four different dates. Defendant contends that the invoice marked "Exhibit 'B' " contains the only items mentioned in the hearing before the alderman. That exhibit represents thirty-six pairs of pants. Suppose plaintiff discovered an error and said, "we have declared for one more pair of pants than actually shipped," would defendant say this was a change in the cause of action because plaintiff had lessened the amount of his claim to this extent? Or suppose that plaintiff discovers another shipment of ten pairs of pants on the following day and increases the amount of his claim in this amount. We

4 D. & C.

think both illustrations require the same answer. See Ewart Co. *v.* Carr, 1 D. & C. 727.

The first question raised involves the consideration of section 20 of the General Practice Act of May 14, 1915, P. L. 483. In Bovaird *v.* Barrett & Son, 78 Pa. Superior Ct. 68, the Superior Court said: "Section 20 of the Practice Act authorizes the entry of judgment by the court in favor of the defendant where the affidavit of defence raises a question of law, without answering the averments of fact in the plaintiff's statement, but the question of law so raised arises out of the facts averred in the plaintiff's statement, not out of the facts first averred in the affidavit of defence and not proven to be true. . . . He (plaintiff) is under no obligation to reply to and deny the averments of fact contained in the affidavit by way of defence to the plaintiff's claim and not constituting a set-off or counter-claim, and they cannot be considered as proven so as to authorize judgment against him, but are only accepted to prevent summary judgment being entered against the defendant. . . . The question of law thus raised is the same kind that could formerly be raised by demurrer, and must arise out of the facts averred in the plaintiff's statement and not out of new facts introduced by way of defence; in other words, it must not be what was called in common law pleading a 'speaking demurrer;' that is, one which alleges new matter, in addition to that contained in the *narr*, as a cause for demurrer. 'A demurrer is never founded on matter collateral to the pleading which it opposes, but arises on the face of the statement itself.' "

It is, therefore, clear that the legal defence to the plaintiff's claim, which sets up a new matter and one collateral to plaintiff's statement and not responsive thereto, cannot now be considered by the court.

The remaining question is: May a defendant, in his affidavit of defence, traverse the material facts in the plaintiff's statement and set up his affirmative defence thereto and include therein a legal defence in bar of plaintiff's right to recover?

In Jackson *v.* Myers, 260 Pa. 488, it is clearly indicated that such practice is not the correct one. In that case the Supreme Court affirmed the judgment of the lower court in entering judgment for defendant upon the legal questions raised in the affidavit of defence, which affidavit also included some matters of fact. In doing so, the Supreme Court said: "Defendant did not waive his legal defence by including matters of fact in the affidavit of defence. A trial is to determine *material* questions of fact; here there are none. It would be vain to empanel a jury in a case after it had been determined as matter of law that plaintiff could not recover. In our former opinion some reference is made to the matters of fact set out in the affidavit of defence, but the decision rests upon the construction of the contract.

"In view of that decision, the court below was undoubtedly right in treating the case as one of law; the only question is as to the practice. . . . To bring a case literally within this clause of the statute, the affidavit should raise questions of law only, and that would be correct practice; but, in our opinion, it was not reversible error for the court to treat the averments of fact in the affidavit as surplusage and decide the case as one of law. Such averments might have been stricken out by amendment as immaterial. In any event, no harm was done plaintiffs, as it had been definitely determined that they could not recover. A judgment right in substance will not be reversed on a technical error at the instance of a party who could gain nothing thereby. . . . In moving for judgment for want of a sufficient affidavit of defence, plaintiffs asked the court to decide the case as matter of law, and it was rightly

so treated at their instance and later at the instance of defendant." (Page 491.) See Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68; Miller v. Keim, 1 D. & C. 460.

All the questions involved are, therefore, resolved in favor of plaintiff and against defendants' contention.

Now, Dec. 1, 1923, the legal defence set up in the nature of a demurrer is overruled.