## Trissler Electrical Shop v. Wright.

*Suit by fictitious name—Mechanic's lien—Affidavit of defence—Practice—Acts of May 14, 1915, June 28, 1917, and May 10, 1921.*

1. Where a plaintiff brings an action which shows on the face of the pleadings that he is conducting business under a fictitious name, he must show affirmatively that he has complied with the Fictitious Names Acts of June 28, 1917, P. L. 645, and May 10, 1921, P. L. 465.

2. The Practice Act of May 14, 1915, P. L. 483, which provides for the raising of a question of law by affidavit of defence, does not apply to mechanics' liens.

3. An affidavit of defence purporting to raise a question of law in an action on a mechanic's lien may be considered as an affidavit of defence filed under the Mechanics' Lien Act of June 4, 1901, P. L. 431, and sustained.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Lancaster Co.

*B. F. Davis, Jr.,* and *B. F. Davis,* for rule; *John A. Coyle,* contra.

LANDIS, P. J., March 29, 1924.—The defendant in this case seems to have filed an affidavit of defence under the Practice Act of 1915, raising a question

of law; but what right he has to do this we do not see. The Practice Act applies to actions in *assumpsit* and trespass, but does not cover mechanics' liens. Such proceedings are regulated by the Act of June 4, 1901, P. L. 431. The 34th section of that act provides that, "If an affidavit of defence be filed, a rule may be taken for judgment for want of a sufficient affidavit of defence, or for so much of the claim as is insufficiently denied, with leave to proceed for the residue. . . ." We will, therefore, treat the affidavit of defence as a proceeding under this act, and examine into its sufficiency.

The second specification is the only one, under the circumstances, that need now be discussed. This avers that "the plaintiffs in this suit bring this proceeding under a trade or fictitious name, without any averment that they have registered in accordance with the legal requirements." It will be observed that the defendant does not allege that they have not been registered; but this would appear to make no difference. The lien on its face shows that it is filed by "D. Allen Landis and Harry H. Landis, Jr., partners, doing business as Trissler Electric Shop." It may be assumed that the name "Trissler Electrical Shop" is a fictitious name, and the plaintiffs admit that they were doing business under that name. Section 1 of the Act of May 10, 1921, P. L. 465, which re-enacts and amends the Act of June 28, 1917, P. L. 645, provides "that no individual or individuals shall hereafter carry on or conduct any business in this Commonweatlh under any assumed or fictitious name, style or designation, unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary . . . a certificate, under oath, and signed by such person or persons, setting forth the real name or names and addresses of all the persons owning or interested in said business, and also the name, style or designation under which said business is being or will be carried on or conducted: . . . Provided, that the failure of any such person or persons to file the certificates aforesaid . . . shall not impair or affect the validity of any contract with such person or persons, and actions or proceedings at law or in equity may be instituted and maintained on any such contract; but no such action shall be instituted or recovery had by any such person or persons on any such contract, either expressed or implied, in any of the courts of this Commonwealth, or before any justice of the peace or magistrate thereof, until such person or persons comply with the provisions of this act: And provided, further, before any such person or persons can institute any action in any of the courts of this Commonwealth, or before any justice of the peace or magistrate thereof, on any cause of action arising prior to the filing of the certificate provided for by this section, such person or persons shall pay to the Secretary of the Commonwealth . . . a license fee or fine of $25. . . ."

In Ferraro v. Hines, Director General of Railroads, 77 Pa. Superior Ct. 274, it appeared that the suit was instituted by Albert Ferraro and Amelia Ferraro, trading and doing business as A. Ferraro & Co. The defendant filed an affidavit of defence raising the question that the plaintiffs were a copartnership, doing business under the firm name of A. Ferraro & Co., without having complied with the terms of the Act of 1917. Judgment was entered in favor of the defendant. Trexler, J., delivering the opinion of the Superior Court, affirming the court below, said: "It is argued that the contract in this case being made with the railroad company in the name of A. Ferraro, its enforcement does not necessarily involve the business of the firm. The suit, however, is brought by Albert Ferraro and Amelia Ferraro, doing business as A. Ferraro & Co. On the face of things, the transaction occurred in the business

4 D. & C.

they were conducting. Had Ferraro desired to submit proof that the transaction was not in the line of his business, or that he was acting solely as an individual, not trading under a fictitious name, the course open to him would have been to have declared accordingly." In Com., to use of Hagerling Motor Car Co., v. Palmer, 3 D. & C. 650, it was held by the Common Pleas of Dauphin County that the Hagerling Motor Car Company, used to designate the business carried on by L. H. Hagerling, was a fictitious name within the meaning of the Act of 1917, as amended, and that "when an individual comes into court and brings an action in which it appears upon the face of the pleadings that he is conducting business under an assumed or fictitious name, he must show affirmatively that he has complied with the statute. . . ."

It would, therefore, seem, without considering any other questions raised, that the plaintiffs are not at this time entitled to judgment.

The rule is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.