## Noel R. Dalton, Appellant, *v.* William Finkel.

*Practice Act of 1915—Affidavit of Defense—Plaintiff's Reply.*

Section 20 of the Practice Act of 1915, P. L. 483, authorizes the entry of judgment, by the Court, in favor of the defendant, where the affidavit of defense raises a question of law, without answering the averments of fact in the plaintiff's statement, but only where the questions of law arise out of facts averred by the plaintiff's statement.

The Practice Act makes no provision for a reply by the plaintiff to the averments of fact contained in the affidavit of defense, unless they set up a set-off or counter-claim.

An averment in an affidavit of defense that the plaintiff was not entitled to recover, because he was engaged in the practice of architecture, without securing from the State Board of Examiners of Architects a certificate of his qualifications to practice, and without registering with the said Board of Examiners, is purely a matter of defense, and is not an averment of set-off or counter-claim to which the plaintiff is obliged to answer.

Argued October 21, 1925.   Appeal No. 182 October T., 1925 by plaintiff, from judgment of Municipal Court of Philadelphia, July T., 1923, No. 1070, in the case of Noel R. Dalton v. William Finkel.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit to recover architect's fees.   Before BROWN, J.

The opinion of the Superior Court states the case.

The Court in an opinion by CASSIDY, J., entered judgment in favor of the defendant.   Plaintiff appealed.

*Error assigned* was the judgment of the Court.

*C. E. Hall,* of *Orr and Hall,* for appellant.

*Rowland C. Evans,* for appellee, filed no printed brief.

PER CURIAM, October 26, 1925:

The question raised by the appeal is ruled by the

decision of this court in Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68. "Section 20 of the Practice Act of 1915, P. L. 483, authorizes the entry of judgment by the court in favor of the defendant where the affidavit of defense raises a question of law, without answering the averments of fact in the plaintiff's statement, but only where the questions of law arise out of facts averred in the plaintiff's statement.......The Practice Act makes no provision for a reply by the plaintiff to the averments of fact contained in the affidavit of defense, unless they set up a set-off or counter-claim". The statement filed by the plaintiff in the present case was sufficient to support the action. The defendant filed an affidavit denying the averments of fact in the plaintiff's statement, and later filed a supplemental affidavit of defense averring that he (defendant) was informed and believed and expected to be able to prove, that the plaintiff was not entitled to recover for the reason that he (plaintiff) is engaged in the practice of architecture in the city of Philadelphia without securing from the State Board of Examiners of Architects a certificate of his qualification to practice and without registering with the said Board of Examiners. The court below held that the plaintiff was required to answer and deny this allegation of alleged new matter and entered judgment in favor of the defendant. This allegation of defense to plaintiff's action was purely a matter of defense, not an averment of set-off or counterclaim, and the plaintiff was not obliged to answer it.

The judgment is reversed and the record remitted for further proceedings.