## Michener v. Wagner & Son

*Achey & Power*, for plaintiff.

*John H. Wood, Jr.*, for defendant.

BIESTER, P. J., January 18, 1957.—The matter before us arises out of plaintiff's preliminary objections to defendant's counterclaim. These preliminary objections are based on the contention that defendant has

not complied with the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28 et seq., and therefore may not legally assert his counterclaim.

Not knowing the identity of the persons under which the business of Anton Wagner and Son was conducted, plaintiff did not attempt to identify such persons in the complaint. Defendant in his answer avers that Anton Wagner individually is in fact defendant, and that his sons are employed by him.

Defendant does not strenuously contend that Anton Wagner and Son is not such a fictitious name as to require registration, but maintains that nonregistration under the Fictitious Names Act is such a defense as cannot properly be raised by preliminary objection.

We must disagree with this contention. Under Pa. R. C. P. 1017(b)(5) such matters as failure to register under the Fictitious Names Act may be raised by preliminary objections. Plaintiff, having raised the factual issue of nonregistration, endorsed the preliminary objections with notice to defendant to plead in response thereto. No such responsive pleading having been filed, the failure to register may be deemed to be admitted. See Pa. R. C. P. 1029(b).

We think there can be little doubt but that the name under which defendant did business is such a fictitious name as to require registration. As was said in the case of Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390, 397, quoted with approval in Ross v. McMillan, 172 Pa. Superior Ct. 298:

" 'The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern.' "

Thus where one J. J. Alleman traded as J. J. Alleman Electric Co., the court, in Alleman v. Lowengart,

63 D. & C. 430, held that such a name was fictitious, as the use of the word "company" would naturally lead a creditor into believing that he was dealing with more than one person. By the same reasoning we think it apparent that anyone doing business with Anton Wagner and Son might likewise justifiably assume that he was doing business with more than one person.

Finally in Bovaird v. Barrett & Son, 78 Pa. Superior Ct. 68, 72, although the court held the defense of the nonregistration of the name Barrett and Son was improperly raised under the practice that then obtained, it further held that had the objection been properly alleged it would have constituted a good defense.

Another contention of defendant is to the effect that even where the nonregistration is established, the penalty of the loss of the right to sue applies only to unregistered nonresidents, citing Balch v. Shick, 147 Pa. Superior Ct. 273, and a number of lower court cases all decided prior to the Balch case. True it is that under the Act of 1917 the penalty could only be invoked against nonresidents, but the Act of 1945 clearly imposes this penalty alike on residents. See Alleman v. Lowengart, supra; Iannuzzo v. Thomas, 68 D. & C. 406, 409.

It is our conclusion that defendant cannot maintain his counterclaim against plaintiff without complying with section 4 of the Fictitious Names Act, 54 PS §28.8.

### Order

And now, to wit, January 18, 1957, plaintiff's preliminary objections to defendant's counterclaim are sustained, leave being granted, however, to defendant to file an amended counterclaim alleging compliance with section 4 of the Fictitious Names Act within 30 days from the date of this order. Upon failure to file such amended complaint the counterclaim is to be stricken.