# Murphy, Appellant, *v.* Atlantic Refining Co.

*Legal measure—Inspectors and gaugers—Allegheny County— Acts of April 5, 1862, P. L. 261, and July 24, 1913, P. L. 960, 965.*

The Act of April 5, 1862, P. L. 261, relating to inspectors and gaugers for the County of Allegheny is inconsistent with and is repealed by the Acts of July 24, 1913, P. L. 960 and 965, which provide for the appointment of county and city inspectors of weights and measures and define their duties and powers and regulate the sale of commodities.

The Acts of 1913 create a uniform and mandatory state-wide system for the weighing and measurement of all commodities, dry and liquid. All the protection intended to be secured to the people of Pittsburgh by the Act of April 5, 1862, is furnished the public at large by the Acts of 1913, and a different and more exact method of measurement is imposed with respect to the sale of

166, (1920).]          Syllabus—Arguments.

liquids, and this method is to be a uniform and mandatory system throughout the State and, therefore, repeals any local statutes in conflict therewith.

Argued October 30, 1919.   Appeal, No. 161, April T., 1919, by plaintiff, from judgment of C. P. Allegheny County, April Term, 1916, No. 2111, in suit tried by the court without a jury in the case of James P. Murphy v. Atlantic Refining Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assumpsit to recover compensation for gauging barrels under authority of the Act of April 5, 1862, P. L. 261.   Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various findings of facts and conclusions of law and the decree of the court.

*B. J. Jarrett,* and with him *Charles A. O'Brien,* for appellant.—The Act of April 5, 1862, P. L. 261, and the Act of July 24, 1913, P. L. 960 and 965, are not identical. The local act deals particularly with the local subject and the general act makes no reference to the subject whatever.   The local act is, therefore, still in force: Commonwealth v. Brown, 25 Pa. Superior Ct. 269-278; Fleming v. Bush, 43 Pa. Superior Ct. 408; Malloy v. Commonwealth, 115 Pa. 25; Erie v. Bootz, 72 Pa. 196; 20 P. & L. Dig. of Dec. 35,216; Sheraden Borough, 34 Pa. Superior Ct. 641-645; Opening of Parkway, 249 Pa. 374.

*J. M. Wright,* of *Wright, Chalfant & McCandless,* for appellee.—The Act of April 5, 1862, P. L. 261, was re-

pealed by the Acts of July 24, 1913, P. L. 960 and 965; Kucker v. Sunlight Oil and Gasoline Co., 230 Pa. 528; Goodwin v. Council of Bradford, 248 Pa. 453; Commonwealth v. Hoyt, 254 Pa. 45; Commonwealth v. Brown, 210 Pa. 29; Commonwealth v. Keeper of County Prison, 49 Pa. Superior Ct. 647.

The Acts of 1913 are constitutional: Commonwealth v. Hoyt, 254 Pa. 45.

OPINION BY KELLER, J., February 28, 1920:

The plaintiff's claim is for services performed in pursuance of an ordinance of the City of Pittsburgh enacted by virtue of the authority granted by the special Act of April 5, 1862, P. L. 261, relative to inspectors and gaugers for the County of Allegheny and the City of Pittsburgh. It might well be dismissed for failure to show a compliance with the provisions of the act upon which it is based. The Act of 1862 (sections 5 to 15), provides for the appointment of a gauger for the City of Pittsburgh, "whose duty it shall be to gauge all liquid merchandise offered for sale in said city, and to inspect all domestic liquors which may be gauged by him; and shall mark upon the casks or other vessels containing the same, quantity therein contained and the full capacity of such vessel; and in the case of domestic distilled liquors, the proofs and degrees thereof." This contemplated the ascertainment in each instance by the official not only of the full capacity of the cask or other vessel, but also the quantity of liquid merchandise actually contained in it and the marking by him on the cask or vessel of both quantities; his duty was not to measure or gauge empty barrels, unless he followed it up by gauging the liquid contents when placed in the barrels. As aptly stated by the learned court below: "The purpose of the act was to protect the public. Hence the gauging was required to be done after the liquid merchandise was placed in the container. To ascertain the capacity of barrels and mark them and then to allow the vendors

to put in them whatever amount they please would be no protection to the purchasing public, and such a procedure is no compliance with the requirements of the act at all." Yet this is precisely all that the plaintiff did. His activities were confined to a measurement of empty barrels by some gauge or scale in inches which, by some calculation made by some undisclosed method, purported to give the capacity in gallons of the barrel when filled. He failed to show a compliance with the provisions of the Act of 1862, or the ordinances enacted in pursuance thereof for the gauging of liquid merchandise and any consequent right to compensation therefor.

The court below also found that the Act of 1862 and the Act of June 28, 1879, P. L. 179, relating to gauging liquid merchandise in cities of the second class, were totally inconsistent with the Acts of July 24, 1913, P. L. 960 and 965, and were consequently repealed by them. These acts (1) provide for the appointment of county and city inspectors of weights and measures, and define their duties and powers, and (2) regulate the sale of commodities. Together they create a uniform and mandatory state-wide system for the weighing and measurement of all commodities, dry and liquid. Under their provisions all liquid merchandise must be sold by weight or liquid measure, the standard of which had been previously established by the Act of April 15, 1834, P. L. 525, as a gallon of two hundred and thirty-one cubic inches; and inspectors are given power to examine and test all scales, measures and containers, and also any commodity which is weighed or measured as delivered. It is made a misdemeanor to violate any of the provisions of either act or to give or offer to give any false weight or measure, or with intent to defraud, to sell or offer to sell any commodity on the container of which is marked any false statement respecting the kind, number, quantity, weight or measure of such commodity, etc.

In its opinion, the court below said in construing these acts: "It is plain that the legislature intended by the

Acts of 1913, to establish a distinct system for the sale of, inter alia, 'liquid merchandise.' The purpose was to provide a uniform or standard means of accurately ascertaining the quantities of all commodities bought or sold. The provisions of the legislation are mandatory and it was not the purpose to have two systems, because it is made a penal offense to sell contrary to the requirements of these later statutes. This system provided in the Acts of 1913 is totally inconsistent with that of the Acts of 1862 and 1879. Hence the former must prevail. And that no question might remain, the repealing sections of the act were made explicit and comprehensive. The language used leaves no doubt of the intention to avoid all inconsistent legislation, no matter under what form it may appear."

The learned counsel for the appellant complains that the inconsistencies referred to in the opinion were not pointed out. We think this was sufficiently done in a general way in the extract from the opinion just quoted, but they may be stated with more particularity. The Act of 1913, P. L. 965, forbids, under a penalty, the sale of liquid merchandise in any other manner than by weight or liquid measure. This would penalize a sale of liquid merchandise the quantity of which had been determined by the inch gauge, as practiced by the plaintiff under the Acts of 1862 and 1879, and the ordinances enacted pursuant thereto. The Act of 1879 forbids under a penalty of ten dollars for every offense, any one but the city gauger or his deputy, doing what the Act of 1913 authorizes the inspector of weights and measures to do. A sale of liquid merchandise as measured by the plaintiff with his gauge would not protect the defendant having knowledge of its inaccuracy, against a prosecution for short weight or measure under the Act of 1913, P. L. 960, nor for violation of the Act of 1913, P. L. 965, forbidding such sale except by weight or liquid measure. In the face of such inconsistencies and the repealing clauses contained in the later acts, the defendant is not

to be required to do a vain thing or pay for services
which, by reason of subsequent general legislation, are
rendered useless and of no benefit either to it or the pub-
lic. All the protection intended to be secured to the peo-
ple of Pittsburgh, by the Act of 1862, is furnished the
public at large by the Acts of 1913, and a different and
more exact method of measurement or determination of
quantity is imposed with respect to the sale of liquids,
and this method is to be a uniform and mandatory system
throughout the State, and therefore, repeals any local
statutes in conflict therewith: Com. v. Brown, 210 Pa.
29, p. 39. The Act of 1862 had previously fallen into
disuse, so far as related to Allegheny County, and had
been annulled as to distilled liquors by the federal in-
ternal revenue laws. It, as well as the Act of 1879, is
repealed in effect as respects other liquid merchandise
by the Acts of 1913, supra.

With this conclusion, we need not consider the other
defenses raised by the appellee: whether the ordinances
are unreasonable and void as being revenue measures
and not police regulations; whether they and the acts
upon which they are founded are in contravention of the
Federal Constitution forbidding any state impost or
duty on imports or exports except what may be abso-
lutely necessary for executing its inspection laws, and
void as interfering with interstate commerce; whether
the Act of 1879 is in conflict with Article III, Section 7,
of the State Constitution, forbidding local and special
legislation regulating the affairs of cities, etc.

The assignments of error are overruled and the judg-
ment is affirmed.