## Hughes and Dier *v.* McClure, Appellant.

*Partnership—Partnership name—Fictitious name—Name of all partners appearing—Act of June 28, 1917, P. L. 645.*

Where the family names of all the members of a partnership actually appear in the firm name, the style or designation of the partnership is not fictitious, and doing business under such a name is not in violation of the Act of June 28, 1917, P. L. 645, requiring registration of partnership names.

. Under such circumstances, in a suit to enforce an unfulfilled contract, the plaintiffs are not barred from maintaining an action because they were not registered in accordance with the provisions of the Act of June 28, 1917, P. L. 645.

The Act of 1917 is a penal statute and must be strictly construed. It is not to be stretched to cover any case which is not clearly embraced by its terms.

Argued April 20, 1921.    Appeal, No. 128, April T., 1921, by defendant, from judgment of C. P. Beaver County, March T., 1920, No. 201, in the case of Henry W. Hughes and Elder B. Dier, Partners, trading and doing business as Hughes and Dier, v. John B. McClure. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.    Affirmed.

Assumpsit to recover purchase price of oil stock.    Before BALDWIN, J.

Verdict for plaintiffs for $712.82.

The defendant submitted a motion for judgment non obstante veredicto, which the court refused in the following opinion:

Plaintiffs, Henry W. Hughes and Elder D. Dier, are licensed stockbrokers, doing business in the City of Pittsburgh, Pennsylvania, under the firm name of Hughes & Dier.  This suit was brought to recover damages for an alleged breach of contract for the purchase of Omar oil stock.  Plaintiffs' contention was that defend-

ant had ordered five thousand shares of this stock at seventy cents a share; that they purchased the stock for him and thereafter tendered it to him, which tender he declined. The stock was then, after notice to the defendant, sold in the market fifty-nine cents a share realized therefrom. Mr. McClure denied purchasing the stock. The affidavit of defense, as amended, also alleged that plaintiffs had not filed a certificate or registered the real name or person constituting the firm of Hughes & Dier under the Act of Assembly approved June 28, 1917, P. L. 645.

The verdict favoring the plaintiffs, defendant moved for judgment n. o. v., which motion is now before us for disposition.

At the argument the only basis alleged for the motion was noncompliance on the part of the plaintiffs with said Act of 1917.

We are unable to see how the Act of 1917 applies to this case. Plaintiff partnership consisted of two persons. If they had transacted business under the style of "Henry W. Hughes and Elder D. Dier," it could scarcely be contended that the act applies, although in one sense they "assumed" or took that style as a partnership designation. Omitting everything save the surnames did not in any proper sense of the terms render the firm name "assumed" or "fictitious." Webster defines assumed to mean "pretended; hypocritical; make-believe." The same authority defines fictitious to mean "feigned; imaginary; not real; counterfeit; false." The Act of 1917 is a highly penal statute. It is therefore to be strictly construed, and is not to be stretched to cover any case which is not clearly embraced by its terms.

Now, January 10, 1921, the motion for judgment non obstante veredicto is overruled.

Defendant appealed.

*Error assigned* was the decree of the court.

*Lawrence M. Sebring,* for appellant.

*William A. McConnel* and *Philip H. Stevenson,* for appellee.

OPINION BY TREXLER, J., July 14, 1921:

The plaintiffs in this case are Henry E. Hughes and Elder D. Dier, partners trading as Hughes and Dier. They bring suit against John B. McClure who puts in a defense to their action that the plaintiffs are doing business under an assumed or fictitious name, contrary to the provisions of the Act of Assembly June 28, 1917, P. L. 645. We have had a number of cases involving the construction of the act, but none exactly like this. In Moyer et al. v. Kennedy, 76 Pa. Superior Ct. 523, we had occasion to say "It may be argued that where the family names of all the partners appear the style or designation is not fictitious. Such conclusion seems to be predicated on the fact that the persons named in the style or firm name, although their indentity is not fully revealed, do actually exist, and the title is true as far as it goes. Whether this be so we need not decide." The question there referred to is now squarely before us, and we all have come to the conclusion that it is not within the prohibition of the act. It may be argued to give full force to the act, every partnership name which does not disclose the persons composing it, is assumed or fictitious. The combination of names, "Hughes and Dier," never existed before the creation of this partnership and therefore it may in a sense be said to be assumed. On the other hand both names represent persons actually in being, and furnish a means of identification. The act being a criminal act, we must only apply its provisions to such persons as are clearly covered by its terms.

The judgment is affirmed.