## Christy v. Robinson.

*Sheriff's interpleader—Fictitious names—Failure to aver in affidavit of defence non-compliance by claimant with the Act of June 28, 1917.*

1. The Act of June 28, 1917, P. L. 645, and the amending Act of May 10, 1921, P. L. 465, have no application to a sheriff's interpleader proceeding.

2. The Act of June 28, 1917, P. L. 645, is a penal statute, must be strictly construed, and is not to be stretched to cover any case which is not clearly embraced in its terms.

3. Aside from this, where, in a sheriff's interpleader, the affidavit of defence only raises the question of the title of the plaintiff to the goods and chattels levied upon by the sheriff, and raises no issue as to non-compliance with the act or with respect to the right of the plaintiff to maintain title to the goods on the ground that she was doing business under a fictitious name and had not filed the proper certificates as required by the act, and testimony is elicited at the trial, on cross-examination of the plaintiff, that the plaintiff had not complied with the act, such testimony will not prevent the plaintiff's recovery, as there is no issue as to that fact.

4. A rule of court prescribing the form in which a statement in a sheriff's interpleader shall be prepared, passed prior to the Act of May 26, 1897, P. L. 95, is abrogated by that act.

Sheriff's interpleader. C. P. Westmoreland Co., Nov. T., 1821, No. 30, *fi. fa.*

*Smith & Smith* and *Bell & Bell,* for plaintiff.

*Gregg & Gregg* and *P. K. Shaner,* for defendant.

COPELAND, P. J., March 30, 1922.—A *fieri facias* was issued at No. 30, November Term, 1921, *sur* judgment No. 437, November Term, 1920, by Theodore W. Robinson against Merrill E. Christy. The writ was placed in the hands of the sheriff, who levied on the property alleged to be that of Merrill E. Christy, and made the following return: "After levying on the personal property of the within named defendant, to wit: 10,202 rolls Wall Paper,

2 D. & C.

10 gallons Varnish, 320 gallons Paint, 24 dozens cans Paper Cleaner, Desk, Display Stand, Cash Register, 6 Chairs, 500 feet Molding, 125 Display Screens, Floor Linoleum and all other personal property of said defendant."

After the levy and before the return, the sheriff was notified in writing and under oath by Elsie B. Christy, the plaintiff in this interpleader proceeding, that the property levied on by him was her property. The required fee was paid, and at the instance of the sheriff, an appraisement was made. Thereupon a petition was presented to the court, wherein the court was asked to grant a rule upon the plaintiff to show cause why an issue should not be framed to determine the title to the goods and merchandise. The rule was granted.

To this rule an answer was filed by Elsie B. Christy, in which she set forth that she claimed the goods levied on by the sheriff by virtue of this writ of *fieri facias*, and that she had title to and right of possession thereof; that at the time they were levied on they were in her custody and control; that the defendant in the writ, Merrill E. Christy, had no interest, legal or equitable, in the goods; that he simply was employed in the store of the plaintiff as manager, and that the goods and merchandise were purchased by her from the Anchor Wall Paper Company, of Pittsburgh, Pennsylvania, with her own money, earned in her personal services as stenographer, and with profits earned out of the sale of goods and merchandise in the business.

Theodore W. Robinson, the plaintiff in the writ, also filed an answer to the sheriff's rule to show cause why an issue should not be framed, in which he denied that the claimant, Elsie B. Christy, was the sole owner of the goods levied on, as set forth in the sheriff's return, and averred that the ownership was in the defendant, Merrill E. Christy, named in the writ of *fieri facias*, and denied that Elsie B. Christy purchased these goods from the Anchor Wall Paper Company, of Pittsburgh, Pennsylvania.

Upon the filing of the answers by the claimant, Elsie B. Christy, and the plaintiff in the writ, Theodore W. Robinson, the court, on Dec. 1, 1921, awarded an issue making Elsie B. Christy plaintiff and Theodore W. Robinson and Merrill E. Christy defendants. Pleadings were filed, and the case came on for trial on Feb. 22, 1922. The jury returned a verdict, by direction of the court, in favor of the plaintiff and against the defendants. On the same day a motion and reasons for judgment *non obstante veredicto* were filed.

The matters complained of in the motion for judgment *non obstante veredicto*, in substance, are:

1. That the statement was in violation of Rule of Court No. 172, and, consequently, there could be no recovery.

2. That the statement of claim failed to set forth the source of plaintiff's title, and whether or not it was acquired previous to or after the issuance of the execution, and there could, therefore, be no recovery.

3. That as the plaintiff had failed to register under the Fictitious Names Act of 1917 and its supplements, she could not prosecute her action in defence of her property.

We will discuss the third contention first, because that seems to be the principal ground urged at the time of the trial for binding instructions. The Fictitious Names Act of June 28, 1917, § 1, P. L. 645, provides: "That no individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation, unless the person or persons conducting or carrying on the same shall

have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary, to be entered in a book to be provided for that purpose, a certificate, under oath and signed by such person or persons, setting forth the real name or names and addresses of all the persons owning or interested in said business, and also the name, style or designation under which said business is being or will be carried on or conducted." The 3rd section provides a penalty for carrying on the business in violation of the act. The 4th section provides a penalty for false swearing.

The supplemental Act of June 20, 1919, P. L. 542, provides the method of cancellation of the certificate where the persons have gone out of business or where one of the persons has withdrawn from the partnership.

The amending Act of May 10, 1921, amending section 1 of the Act of 1917, provides that the failure to file the certificate shall not impair the validity of any contract, and actions at law or equity may be instituted and maintained on such contracts, but only after the compliance with the provisions requiring the filing of the certificate and providing that, before such person can bring any action on a cause arising prior to the filing of the certificate, such person shall pay to the Secretary of the Commonwealth the fee of $25, and provides that the act shall apply to all actions pending at the approval of the act, and that the plaintiff shall pay all costs accruing prior to the compliance with the provisions of the act.

It will be observed that this legislation, whatever may be its effects on the right of a plaintiff to recover on contracts, only applies to contracts, and that it has no application to the present case, for the reason that the present case is a sheriff's interpleader proceeding in the nature of a proceeding in rem, in which the defendant seeks to appropriate the goods of the plaintiff by execution and sale on a judgment recovered by him against a party other than the plaintiff in the interpleader. The interpleader plaintiff does not stand on any contract, does not make title through the defendant in the execution and, so far as the execution creditor is concerned, she is in no privity of contract or contract relation with him.

But even if this act were intended to cover an interpleader plaintiff seeking to defend her rights of property to the goods levied on, does the Act of 1917, and its supplements and amendments, avoid the right of a party in an actual contract relation to recover on the contract?

It will be observed from the reading of the act that the consequences of its violation are purely penal and not confiscatory or prohibitory of the right of recovery.

The name and the style under which the plaintiff is doing business is "Christy Independent Wall Paper Company." This, we fear, falls within the prohibition of the Fictitious Names Act and is sufficient to prevent judgment in a proper case. "Company" signifies an association of individuals, either incorporated or unincorporated, and the name indicates that more persons than one are engaged in the business. It is a "make believe" name and falls within the meaning of the word "assumed."

It is true that in the case of Hughes & Dier v. McClure, 77 Pa. Superior Ct. 325, it was held that style and title did not come within the prohibition of the act, but in that case they were the family names of the persons and all the persons who composed the partnership. They were no more or no less, and indicated exactly who composed the firm; but the name and style of the Christy Independent Wall Paper Company indicate a partnership and that the business is carried on by more than one person and does not come

2 D. & C.

within the class of names that are not obliged to register under the Fictitious Names Act.

Notwithstanding this view that the name used falls within the prohibited class, there are two reasons—which, we think, are very good reasons—for not entering judgment for the defendant on the ground that the plaintiff was not registered under the Fictitious Names Act. The first one is that this is a penal statute and its provisions must be applied to such actions as are clearly covered by its terms. The second is that the testimony in this case, showing that the plaintiff had not registered under the Fictitious Names Act, was elicited under cross-examination and was not a matter of defence raised by the pleading and is, therefore, not an issue in this case.

As to the first reason, it repeatedly has been decided by the courts of this State that where the statute is penal it must be strictly construed, and is not to be stretched to cover any case which is not clearly embraced in its terms. The only case the act speaks of is that of arising out of a contract, and, therefore, that class of cases only is embraced within the terms of the act. It is not intended that the act should cover a case of the character of the one we now are considering, and by no construction can the act be stretched to cover this case. We are of the opinion that it is only where contractual relations are involved that judgment will be prevented by reason of a non-compliance with the requirements of the Act of June 28, 1917, P. L. 645, and for this reason judgment *non obstante veredicto* cannot be entered.

In the case of Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156, it was said: "We are not called upon to decide whether the Act of 1917 may be used by one who buys goods on credit to defeat the payment of an honest debt. It is not improper, however, to note that in the States of New York and Louisiana somewhat similar statutes, forbidding partnerships trading under fictitious names and declaring a violation of the act a misdemeanor, were held by the courts of last resort of those states to be designed to prevent the obtaining of credit, not the giving of it, and not to constitute a defence to a debtor who had not been deceived and who had lost nothing by his dealings with his creditor: Gay v. Seibold, 97 N. Y. 472; Wolf v. Youbert, 13 Southern, 806."

Again, to show the trend of the mind of the appellate courts, and as evidence that this act does not embrace every case, it was held in the case of Engle v. Insurance Co., 75 Pa. Superior Ct. 390, that the failure of an owner of a business conducted under a fictitious name to register, as required by the Act of June 28, 1917, does not invalidate a fire insurance policy in his favor upon property used in the business.

The second reason why judgment cannot be entered for the defendant, to wit, for the non-compliance of the plaintiff to register, is that it was not made a ground of defence. There is nothing in the affidavit of defence in this interpleader proceeding which raises this question. Therefore, it does not make any difference whether the plaintiff testified that she had not complied with the terms of the act. The testimony is entirely inadmissible, irrelevant and immaterial to the matters raised in the pleadings. The pleadings raise the question that the plaintiff is not the sole owner of the goods and chattels levied upon by the sheriff, raise the question as to the title of the plaintiff to the goods and chattels, the subject of the interpleader. An issue, therefore, is raised as to the ownership and title of the goods and merchandise levied upon by the sheriff, but an issue is not raised as to the non-compliance with the Act of June 28, 1917, P. L. 645, its supplements and amendments, or with respect to the right of the plaintiff to maintain her title to the goods

on the ground that she was doing business under a fictitious name and did not file in the office of the Secretary of the Commonwealth and in the office of the prothonotary a certificate under oath, as required by that act.

The pleadings in a case are designed to define the issue for trial, and at a trial no other issues of fact are for submission to a jury.

"The issues of a case are defined by and confined to the pleadings:" 14 14 Standard Ency., Procedure, 524.

"Ordinarily matters not put in issue by the pleadings cannot be litigated:" 14 Standard Ency., Procedure, 524.

It is vain to elicit at the trial evidence of facts not in any way put in issue by the pleadings. The trial is conducted in order to dispose of the defined issues in the pleadings. When the trial in this case was reached, the court was not properly called upon by the pleadings to inquire whether the plaintiff had a right to maintain this action because she was doing business under an assumed or fictitious name contrary to the provisions of that act. It, however, was called upon to submit the question as to whether or not she was the sole owner of the property, and whether she had title and right of possession of the property, and that was all that was raised by the defendant's pleadings in this case.

Upon the point that if the defendant wished to make the defence he must aver it, we quote from the case of Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156. Here it was said: "A defendant, since the passage of the Practice Act of 1915, is required to set forth in his affidavit of defence not only such matters as are sufficient to prevent judgment, but also every matter of defence upon which he intends to rely unless the defect appears in the plaintiff's own case."

As to the second reason assigned for judgment non obstante veredicto, to wit, that the statement failed to set forth the source of the plaintiff's title, and whether or not it was acquired previous to or after the issuance of the execution, and there could, therefore, be no recovery, the mere statement of this proposition shows that it is without merit. No law requires paper writings to transfer the title to personal property. Delivery of possession always has been held to be sufficient index of the passing of the title where the transaction rests on the footing of a sale. The answer to the rule and the statement filed show how the money was obtained by which the goods and merchandise were purchased, and from whom they were purchased, and if the defendant desired a more specific statement, it was his business to ask for it.

The first reason assigned for judgment non obstante veredicto is that the statement was in violation of Rule of Court No. 172, and, consequently, there could be no recovery. That rule of court is as follows: "The declaration shall be in the following form: 'A B, plaintiff, complains of C D, defendant, and says that heretofore, to wit, on, &c., the right of property in certain goods and chattels, viz. (Here specify the property claimed), was and still is in him, and that the defendant, disregarding said right, has caused said goods and chattels to be levied on as the property of one E F; he, therefore, brings suit to determine his right of property aforesaid."

This matter of defence requires but little discussion. This rule of court was adopted about 1873 and was adequate to regulate the practice under the Interpleader Act then existing, but by the Interpleader Act of May 26, 1897, P. L. 95, the 10th section provides for the form for the making of the issue, and we submit that the plaintiff's declaration complies substantially with that form. The section provides: "In the issue to be framed under this act

2 D. & C.

the claimant shall be the plaintiff, and all other parties thereto shall be defendants. This issue shall consist of a concise statement of the source of the claimant's title, signed and sworn to by him, or by some one in his behalf, and an affidavit to be filed by the defendant or defendants in the issue that he verily believes the title of the plaintiff therein to be invalid."

The section further provides that the court may make general rules governing the proceedings under this act not inconsistent herewith.

The court has not made any rules since this act was passed, and the issue, therefore, as prescribed by the act governs.

The defendants have shown no legal or equitable right to sell the merchandise, etc., levied upon by the sheriff, and, therefore, we direct judgment to be entered on the verdict.

And now, to wit, March 30, 1922, after full hearing, after argument, and after due and careful consideration, it is ordered, adjudged and decreed that the rule for judgment *non obstante veredicto* be and the same hereby is discharged and judgment is directed to enter upon the verdict.

From William S. Rial, Greensburg, Pa.