**Pritz v. Leppo**

*Robert M. Strickler*, for plaintiff.

*Daniel K. Medill*, for defendant.

BUCKINGHAM, J., April 23, 1969.—Plaintiff brought suit against defendant before Alderman Mildred Hunt for work done on defendant's truck and judgment was entered there in favor of the plaintiff and against defendant for $362.58. The caption of the case as it appears on the alderman's transcript is, "Pritz Auto Body Service, 828 Cleveland Avenue, York, Pennsylvania v. Leppo Auto Repairs, 1315 Mt. Rose Avenue, York, Pennsylvania." The defendant, by W. R. Leppo, appealed the alderman's judgment and the appeal and transcript were duly entered in the prothonotary's office, after which the plaintiff's complaint was filed. It was captioned as follows: "Ellsworth G. Pritz, Jr., t/d/b/a Pritz Auto Body & Radiator Service v. William R. Leppo and William R. Leppo, Jr., t/d/b/a Leppo Auto Repairs."

The complaint alleged that plaintiff's place of business is 828 Cleveland Avenue, York, Pa., and has attached thereto as exhibit "A" an invoice from "Pritz Auto Body & Radiator Service, 828 Cleveland Avenue, York, Pennsylvania," to "Leppo Auto Repairs, 1315 Mt. Rose Avenue, York, Pennsylvania," in the amount of $362.58, for the work done on defendant's truck. Defendant then filed a preliminary objection to the complaint requesting its dismissal based on defendant's averment in his preliminary objection that:

"The plaintiff, Ellsworth G. Pritz, Jr., is not registered under the Fictitious Names Act of May 24, 1945, P.L. 967, as amended, to do business under the name, Pritz Auto Body & Radiator Service, or under the name, Pritz Auto Body Service, and thus had no right to commence this action."

It should be noted in passing that defendant's preliminary objection could be dismissed for failing to contain a notice to plaintiff to plead. See Fredericks v. Hamm, 45 D. & C. 2d 687 (1968). However, we need not dispose of the case on that basis, since we hold that plaintiff was not required to register under the Pennsylvania Fictitious Names Act of May 24, 1945, P.L. 967, 54 PS §28.1.

The act proscribes any individual from carrying on any business in the Commonwealth under any assumed or fictitious name without first registering the same with the Secretary of the Commonwealth and the prothonotary of the county of his principal place of business. His failure to so register precludes him from filing suit on any of his contracts until such time as he does so register. The purpose of the act is to protect those who deal with persons carrying on a business under an assumed name and to enable them to know with whom they do business: Rowland v. Canuso, 329 Pa. 72 (1938).

The courts have generally held that where only the owner's surname is used in the name of the business, he need not register under the act. This is especially true where the owner is the sole proprietor: Brittingham v. Blatt, 16 Del. Co. 198 (1922), and where the word "Company" is not affixed to the name: Alleman v. Lowengart, 63 D. & C. 430 (1949). It was held in Williams v. Cohick, 1 Lycoming 47 (1949), that where all partners have the surname "Cohick." the name "Cohick's Meat Market" is genuine and not fictitious and need not be registered. In Walker v. Mason, 272 Pa. 315 (1922), it was held that William and Hay Walker, who as brothers and copartners engaged in the manufacture of soap under the name of W. & H. Walker, were not required to register under the Fictitious Names Act where the original firm and firm name were established 80 years before the contract in question was entered into. The business had been conducted by the father and the uncle of William and Hay who had the same names as the original founders. Hay Walker added the word "Junior" to his name only as a matter of convenience for identification. In Mangan v. Schuylkill County, 273 Pa. 310 (1922), the holding was that M. A. Mangan and William S. Pugh, trading under the firm name of Mangan & Pugh, were not required to register under the act, since the name of the firm represented the real names of the two men who contracted under that style with the county. In Hughes and Dier v. McClure, 77 Pa. Superior Ct. 325 (1921), two men by the name of Henry W. Hughes and Elder D. Dier, who did business as stockbrokers under the firm name of "Hughes & Dier" were not required to register under the Fictitious Names Act, since the court was of the opinion that the firm name was not assumed or fictitious and went on to say that the act is a highly penal statute which is, therefore, to be

strictly construed and is not to be stretched to cover any case which is not clearly embraced by its terms.

In view of these cases, we are constrained to hold that where, as here, the person who is bringing suit on the contract is the sole proprietor of the business and uses no other designation but his surname in the business name, the name of the business is a genuine one and not fictitious or assumed and he, therefore, need not register it under the Fictitious Names Act, especially since there is no allegation in the pleadings that the defendant was misled, confused or prejudiced in any way by dealing with the present plaintiff under that designation. Our conclusion is not altered, even if we assume, as defendant avers in his brief, that there was a Fictitious Names Act registration in York County in the name of "Pritz Auto Body and Radiator Service," 30 East College Avenue, under the name of Ellsworth G. Pritz in 1940, 26 years before the present contract was consummated.

Defendant relies on Dennis v. Mitchell, 10 D. & C. 2d. 635, (1957). However, this case is inapposite for there, the court rightly held the Fictitious Name Act applied where one Catherine E. Dennis, trading as National Highway Motor Sales, attempted to sue on a contract entered into under the trade name. Since she had not registered the name under the act, her complaint was accordingly dismissed.

In view of the foregoing, the following order is hereby entered:

And now, to wit, April 23, 1969, the defendant's preliminary objection to plaintiff's complaint is overruled and dismissed, with leave to defendant to proceed in accordance with the previous order of the court, dated and filed March 19, 1969.

An exception is granted to defendant.