## Bower v. Marcelli

788

*John Arnold Crisman,* for plaintiffs.
*Robert E. Bull,* for defendant.

MYERS, *P.J.,* March 19, 1975—Plaintiffs filed a complaint in assumpsit claiming a balance of $3,487 due from defendant for certain home improvements performed at the request of the latter.

Defendant filed preliminary objections as follows: (1) A motion for a more specific pleading; and (2) A motion for dismissal of plaintiffs' complaint due to the failure of plaintiffs to register the name "Bower's Home Improvements" under the so-called Fictitious Names Act of May 24, 1945, P.L. 967, as amended, 54 P.S. §28.1 et seq.

Respective counsel orally argued the issues and have filed legal briefs with the court. The matter is now before us for disposition.

First, taking up defendant's motion for a more specific pleading, the general rule is that plaintiff is required to plead his cause of action in a concise and summary form.

The test of whether a complaint is sufficiently specific is whether it reasonably informs defendant of the facts which he must be prepared to meet at the trial. See Kane v. Kane, 29 Northumb. L.N. 91. In determining whether a complaint is sufficiently specific, all averments must be considered together, and must be appraised in the light of the nature of the case. See Fedor v. Serafin, 47 Luz. 173.

One standard to guide the court in directing a more specific complaint to be filed is when the adverse party lacks knowledge of relevant details which have not been pleaded and which he must be prepared to meet at the trial.

In this case, plaintiffs have failed to itemize the value of items of material listed in exhibit B accompanying the complaint. Plaintiffs have further failed to set forth with particularity the dates, hours of employment, and rate of pay for the employes listed under "labor." To this extent, we conclude that plaintiffs' complaint is not sufficiently specific. See Bock v. D'Antonio, 39 Del. Co. 278.

In all other respects, plaintiffs' complaint sufficiently informed defendant of the facts which she must be prepared to meet at trial.

As to defendant's second preliminary objection, it should be noted that the Fictitious Names Act, 54 P.S. §28.1, provides in part as follows: "No individual or individuals shall hereafter carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth and in the office of the prothonotary in the county, wherein the principal place of business is located, to be entered in a book provided for that purpose . . . setting forth the real name or names and the residences, including number and street, if any, of all the persons owning or interested in said business, the name style or designation under which said business is being or will be carried on or conducted, a brief statement concerning the character or nature of said business and the location of the principal office or place of business, including number and street, if any."

The purpose of the above Fictitious Names Act is to protect the public against imposition and fraud, to protect persons from concealing their identity by doing business under assumed names, to make it unlawful to use other than their real names in transacting business without a public record of the same, and to punish those who violate the act. See Wise v. Levin, 42 D.&C. 354 (1941).

However, since the act is penal in nature, it must be strictly construed and may not be expanded to cover a case not clearly embraced in its terms: Hughes v. McClure, 77 Pa. Superior Ct. 325 (1921).

In the case of Williams v. Cohick, 1 Lyc. 47, the court held that where all partners had the same surname "Cohick," the name "Cohick's Meat Market" was a genuine name and not fictitious within the meaning or scope of this act. The court therefore concluded that the name need not be registered under the Fictitious Names Act.

We believe the "Cohick" case parallels and governs the case at bar. We thus hold that under these circumstances, plaintiffs' trade name "Bower's Home Improvements" is not a fictitious name within the meaning of the act, and, therefore, need not be registered.

Accordingly, we make the following

ORDER OF COURT

And now, March 19, 1975, defendant's motion pertaining to the failure of plaintiffs to register a fictitious name is hereby dismissed.

Defendant's motion for a more specific pleading is granted, and plaintiffs are hereby directed to file an amended complaint consistent with to this opinion within 20 days from the date hereof.