## Snaman, Appellant, *v.* Maginn.

*Contracts—Unlawful contracts — Fictitious names — Failure to register—Effect of failure—Act of June 28, 1917, P. L. 645.*

The courts of Pennsylvania will not enforce a contract, the making of which the legislature has positively prohibited by statute.

The Act of June 28, 1917, P. L. 645, making it unlawful for any individual to carry on business under an assumed name without registration, and providing a penalty therefor, renders illegal contracts which are made in violation of such statute. A contract such as this is opposed alike to good morals and public policy and the courts, having in view public interest, will not lend their aid to the enforcement of unlawful contracts.

Argued April 26, 1921.   Appeal, No. 27, April T., 1921, by plaintiff, from judgment of C. P. Allegheny County, April T., 1919, No. 2164, on verdict for defendant non obstante veredicto in the case of E. U. Snaman, trading as the Snaman Realty Company, v. Daniel Ma-

ginn.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit on a contract for negotiating lease of real estate.   Before SWEARINGEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $349.80.   Subsequently the Court, on motion, entered judgment for defendant non obstante veredicto on the ground that the plaintiff was doing business under an assumed name without complying with the Act of June 28, 1917, P. L. 645, requiring registration in the offices of the secretary of the Commonwealth and prothonotary.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*John Murray Redden,* and with him *Ralph H. Frank* and *A. Seder,* for appellant.—The question of the enforceability of the contract depends upon the legislative intent.   The purpose of the Act of June 28, 1917, 645, was to give the public information and not to deny the protection of the courts: Endlich on Interpretation of Statutes, (1 ed.) section 458; O'Hare v. Second National Bank of Titusville, 77 Pa, 96; The Frankford Gas Fixture Company v. Slomkowski, 74 Pa. Superior Ct. 156; Automobile Securities Company v. Forepaugh, 68 P. L. J. 12.

*F. C. McGirr,* for appellee.—An action founded upon a transaction prohibited by statute cannot be maintained where a penalty is imposed for violating a law, and even although it does not declare expressly that a contract is void: Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233; Meyer v. Wiest, 250 Pa. 573; Johnson v. Hulings, 103 Pa. 498; Insurance Company v. Sharpless Bros., 12 Pa. Superior Ct. 333; Kernchen Co. v. English, 70 Pa. Superior Ct. 293.

OPINION BY HEAD, J., July 14, 1921:

The single question presented for our determination by this appeal is whether or not a plaintiff may successfully invoke the aid of the courts of Pennsylvania to recover the fruits of a contract, the making of which is expressly forbidden by our Act of 28th of June, 1917, P. L. 645. The title to the act is "An act making it unlawful for any individual or individuals to carry on or conduct any business under an assumed or fictitious name, style or designation, unless," etc. Section 1 declares that after the passage of the act no individual shall hereafter carry on or conduct any business in this Commonwealth "under any assumed or fictitious name," etc. Section 3 provides, "Any person carrying on or conducting any business in violation of this act shall be guilty of a misdemeanor, and, upon conviction, shall be punished" by fine or imprisonment or both.

Several cases have recently been heard, some of which are still pending in this court and in which opinions will shortly be handed down, dealing with various questions arising under this statute. For instance, in Stein et al. v. Slomkowski, 74 Pa. Superior Ct. 156, the case went off on a question of practice under our Act of 1915, leaving the main question undecided. Whether or not a trading name is "assumed or fictitious"; or whether or not a person using such assumed or fictitious name is conducting business in this Commonwealth, within the meaning of the statute, are questions which have been or will be disposed of in other cases where those questions properly arise in the record of the particular cases. We do not regard either of them as requiring particular discussion in the determination of this appeal. Since the decision of this court in Moyer et al. v. Kennedy, No. 350, October Term, 1920, in which an opinion was handed down last month, we must start with the proposition that the plaintiff in this case was using an assumed or fictitious title within the meaning of the act. As we understand, it is conceded here the

plaintiff was conducting business within the meaning of
the statute under the name of the Snaman Realty Com-
pany. The real question for our determination is thus
stated by the learned counsel for the appellant: "But
we earnestly urge that if a statute prohibits a certain
matter and provides penalties, but does not expressly
say that a contract arising out of the prohibited matter
shall be unenforceable, then the question of the enforce-
ability of the contract depends on the legislative intent
as to which each act of assembly depends on its own
facts." Whilst we find some difficulty in apprehending
just precisely what the language quoted means, our ex-
amination of the supporting argument leads to the con-
clusion the position advanced and relied upon has been
well stated in the case of Harris v. Runnels, 53 U. S.
79: "Where a statute prohibits an act or annexes a pen-
alty for its commission, it is true that the act is made
unlawful, but it does not follow that the unlawfulness
of the act was meant by the legislature to avoid a con-
tract made in contravention of it. Where a statute is
silent and contains nothing from which the contrary can
properly be inferred, a contract in contravention of it is
void but the whole statute must be examined in order
to decide whether or not it does contain anything 'from
which the contrary question can properly be inferred.'"

Whilst we may concede, for the purposes of this argu-
ment, that some rather subtle distinctions have been
made along the line indicated, we content ourselves with
the statement that the law of Pennsylvania, as it has
been announced from the earliest times; and the public
policy declared in all of the decisions, recognize no such
distinctions. It appears to me that reason alone, with-
out authority, would necessarily lead us to the conclu-
sion that a contract, the making of which is positively
prohibited by a statute, cannot be enforced by the aid of
the courts of the state in which the statute has been en-
acted. In vain would the legislative power thunder its
prohibitions against the performance of a given act,

if the coördinate branch of the government, the courts, would lend their powerful aid to the transgressor in recovering the fruits of the unlawful transaction. The statute we are considering not only prohibits in sweeping terms the making of the contract upon which the plaintiff here relies, but further declares that the citizen making such contract shall be guilty of a misdemeanor and subject to punishment by fine or imprisonment or both. It is the privilege and the obligation of the courts of the Commonwealth to administer and enforce the laws as they are created by the legislative will, and I am unable to perceive how a government, constructed as is ours, could successfully function if any other view of the duty of the courts under such circumstances could prevail.

In Columbia Bank and Bridge Co. v. Haldeman, 7 W. & S. 233, (decided in 1844) Huston, J., speaking for the Supreme Court, said: "As long ago as the time of Lord Hale, it was decided (Carthew 252) that every contract made for or about any matter or thing which is prohibited and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be void, and only inflicts a penalty on the offender; and this has been fully recognized in the case of Mitchell v. Smith, 1 Binn. 118." In Johnson v. Hulings, 103 Pa. 498, Mr. Justice Gordon, speaking for the court, said: "The result follows that Johnson, in the transaction in hand, stands in the position of a real estate broker who seeks to enforce a contract which, under the statute, he had no right to make, and by the making of which he subjected himself to the penalty imposed by that statute. But a contract such as this, opposed as it is alike to good morals and public policy, cannot be enforced. That has been ruled times without number." The same doctrine is declared in Swing v. Munson, 191 Pa. 582, and the reason of it is briefly stated by Mr. Justice Dean: "In enforcing a policy in the interests of the whole public, the law takes but little note of the conduct of the

immediate parties to the contract; the rule is, that courts, having in view public interests, will not lend their aid to the enforcement of an unlawful contract." See also Luce v. Cook, 227 Pa. 224.

When therefore it became plain to the trial court that a judgment entered on the verdict in this case would necessarily give to the plaintiff the fruits of a contract that was forbidden by law and the making of which subjected him to a penalty, there was no proper course left open but to affirm the defendant's motion for judgment n. o. v. We are of opinion the learned court below was right and the assignments of error must therefore be dismissed.

Judgment affirmed.