## Brenner v. Pecarsky.

*Assumpsit—All defences must be set up in the affidavit of defence—Practice Act of 1915.*

Under section 16 of the Practice Act of May 14, 1915, P. L. 483, which provides that "neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence," etc., where the only defence averred in the affidavit in an action to recover the price of a truck is that plaintiff had misrepresented its capacity, defendant is not entitled to judgment *n. o. v.* on the ground that the sale was illegal and unenforceable, because the truck was secondhand and plaintiff had neglected to give defendant a full description thereof and a written statement setting forth the name or names of the parties from whom he had derived title, as required by the Motor Vehicle Act of June 30, 1919, P. L. 702.

Rule for new trial and motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., March T., 1920, No. 6893.

*F. N. Godfrey*, for plaintiff; *B. D. Oliensis*, for defendant.

MARTIN, P. J., Nov. 14, 1924.—This suit was brought for the balance due upon a sale of an automobile from the plaintiff to the defendant. The sole defence to the action, as raised by the affidavit of defence and supported by the evidence at the trial, was that the plaintiff had represented that the truck had a capacity of one and one-half tons, while, as a matter of fact, it was only of three-fourths of a ton capacity. The jury decided this question of fact adversely to the defendant, and returned a verdict in favor of the plaintiff for the amount of his claim.

The defendant has now taken a rule for a new trial, and moved for judgment *non obstante veredicto* upon the whole record. In support of these motions, the defendant contends that the evidence preponderated in favor of the defendant, and now, for the first time, raises the question that the contract between the parties was illegal and unenforceable because of the fact, developed upon cross-examination of the plaintiff, that the automobile in question was a second-hand motor-car, and that the plaintiff neglected to give to the defendant a full description thereof, and a written statement setting forth the name or names of the parties from whom the plaintiff derived title, as required by the 2nd section of the Act of June 30, 1919, P. L. 702.

It is firmly established in Pennsylvania that the courts will not lend their hand to the enforcement of an illegal contract. Cases of close application are those where parties were doing business contrary to the provisions of the Fictitious Names Act, and the contracts were held to be illegal and unenforceable: Walker v. Mason, 272 Pa. 315, 322; Moyer v. Kennedy, 76 Pa. Superior Ct. 523; Snaman v. Maginn, 77 Pa. Superior Ct. 287; and if this question had been raised by the affidavit of defence, the trial court would probably have held that the plaintiff could not recover, but the only defence raised by the pleadings and at the trial was with respect to the representation as to the capacity of the automobile truck; and the Practice Act of May 14, 1915, § 16, P. L. 483, provides that: "Neither party shall be permitted at the trial to make any defence which is not set forth in the affidavit of defence, or plaintiff's reply, as the case may be, except as provided in sections 7 and 13."

The exceptions in section 7 are with respect to defences presented by one acting in a representative capacity, and in section 13 with respect to defences in trespass.

Under the case as presented at the trial, the question of the weight of the evidence was for the jury, and the defence of an illegal contract was not raised by the pleadings.

And now, to wit, Nov. 14, 1924, rule for a new trial discharged, the motion for judgment *non obstante veredicto* is overruled and judgment directed to be entered upon the verdict. An exception to this action of the court is hereby noted for the defendant.