## Stevens v. Meade.

*W. S. Sykes*, for plaintiff; *E. D. McLaughlin*, for defendant.

MacDade, J.— . . . The jury found for the plaintiff for the full amount of his claim, and, thereafter, the defendant filed a motion for a new trial and assigned as reasons therefor the following:

"1. The verdict was against the evidence. 2. The verdict was against the weight of the evidence. 3. The verdict was against the law. 4. The learned trial judge erred in overruling defendant's motion that a verdict be directed for the reason that plaintiff, Albert Stevens Hardwood Flooring Company, is a fictitious trade name and not registered under the Act of 1917 and its supplements. 5. The learned trial judge erred in overruling defendant's objection that the *allegata* and *probata* were not the same, in that plaintiff in his statement of claim did not set forth in full his written contract between the plaintiff and defendant." . . .

A verdict either way probably would have been justified. The only matter which disturbed us at all is the fourth assignment of error, wherein the ques-

tion is raised that the plaintiff, Albert Stevens, trading as Albert Stevens Hardwood Flooring Company, is a fictitious trade name and that he is not registered under the Act of June 28, 1917, P. L. 645, and its supplements, and, therefore, cannot recover in this action.

The defendant cites the case of Snaman v. Maginn, 77 Pa. Superior Ct. 287, as authority for our holding that the plaintiff, Albert Stevens, trading as Albert Stevens Hardwood Flooring Company, is a fictitious trade name, and that he, therefore, should be registered under the Act of 1917, citing that the name of Snaman which appeared in the name of Snaman Realty Company was to be considered as a fictitious trade name, and the plaintiff should not be permitted to recover. In that case the court decided, it is claimed, that it was against public policy for persons trading under such name not to have it registered, so that the public at large might know who the owner of the business was.

With this we are agreed, and the public at large should be protected and it would greatly expedite business transactions and lessen rascality if the act would be complied with, but we are unable to see how the plaintiff in the instant case is trading under a fictitious trade name and should be required to register under the above act and its supplements when the world has notice that it is a single individual trading as the Hardwood Flooring Company and that there is nothing fictitious about the individual's name.

As was said in McLaughlin v. Baker, 5 D. & C. 781, 39 Lanc. Law Rev. 207, partnerships using surnames of their members to make up a firm name are not using fictitious names within the meaning of the Fictitious Names Act of June 28, 1917, P. L. 645, as amended by the Act of May 10, 1921. In Scattergood, Birdsell & Satterthwaite v. Pipe Co., 7 D. & C. 362, 39 Lanc. Law Rev. 385; 39 York Leg. Record, 14, partnerships using true names or surnames of their members as their firm style are not using fictitious names within Acts of June 28, 1917, P. L. 645, May 10, 1921, P. L. 465, and June 29, 1923, P. L. 979, although it does not appear that all partners are named: Brittingham v. Blatt, 16 Del. Co. Reps. 198; 70 Pitts. L. J. 1080.

By reference to Brittingham v. Blatt, supra, the reasoning therein applies aptly to the circumstances in the instant case. As in that case, so it is in this. It appeared from the statement of plaintiff's claim, as well as from the affidavit of defense, that N. Brittingham was the sole owner of the business of the plaintiff. The affidavit of defense invoked the provisions of the Act of June 28, 1917, P. L. 645. That act does not apply to a case where the plaintiff is the sole owner of the business: Walker v. Mason, 272 Pa. 315.

Its requirement is that the certificate therein referred to must set forth the name or names and addresses of all the persons owning or interested in said business. The mischief sought to be remedied by the statute applies only to cases where other persons than the plaintiffs named are owners or interested in the business.

As to the fifth exception, we note that defendant claims that the allegata and probata in the instant case were not the same, in that the plaintiff in his statement of claim did not set forth his written contract with the defendant.

We could not sustain this objection, for it was the duty of the defendant, if he thought that the statement of claim was not in accordance with the Practice Act of May 14, 1915, P. L. 483, and its supplements, to move for a more specific statement. And this he has failed to do. He chose to go to trial, and must, therefore, abide the result. In any event, at the trial, if the plaintiff so desired to amend, we would have permitted the statement of claim to be amended and would not continue the case because of any alleged surprise attack upon the defendant or his rights, for the defendant was fully prepared

when the case was called to trial to meet the issue. If it can possibly be construed that the *allegata* and *probata* are not the same, the statement of claim can be amended now to conform with the evidence and the verdict, as could have been done at the time of the trial, so that justice might be promoted. The jury has rendered its verdict and it must be sustained, and we cannot, in the interest of the speedy administration of justice, permit technicalities in pleadings to overcome our sense of right and justice.

Under our appellate court's decision, we have full authority to amend the statement of claim at this time so that the pleadings may conform with the testimony and the verdict, and the plaintiff has leave to amend the same, if he deems it necessary to do so, so that the pleadings may conform with the defendant's idea of what the *allegata* should be as compared with the *probata*.

Holding to the above views, we make the following order: And now, Dec. 20, 1928, the above matter coming on to be heard by the court *in banc* upon the defendant's motion for a new trial, after due consideration thereof and of the arguments of respective counsel, we do order and decree that the motion for a new trial in the above cause be and is hereby dismissed and the prothonotary is directed to enter judgment upon the verdict in favor of the plaintiff *sec. reg.*

From William R. Toal, Media, Pa.