## Fictitious Names Registration

ARNOLD, Deputy Attorney General, November 25, 1931.—You have asked us to construe the Act of June 28, 1917, P. L. 645, as last amended by the Act of June 29, 1923, P. L. 979, which is commonly known as the Fictitious Names Act. You wish us to furnish you with a guide which will enable you to determine whether particular business names should be registered under the act.

Every case, of course, must stand on its own facts, but there is a sufficient similarity among many of them that will permit us to state some guiding principles and to illustrate them with examples of common types of business names that are commonly used.

The act forbids any individual or individuals to "carry on or conduct any business in this Commonwealth under any assumed or fictitious name, style or designation" unless such name, style or designation shall have been registered with the Secretary of the Commonwealth and with the prothonotary of the county in the manner therein prescribed.

In Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390, 397, the Superior Court stated the purpose of the act as follows:

"The purpose of the statute is . . . to protect persons giving credit in reliance on the assumed or fictitious name, and to definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern. . . . It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted."

This statement has been quoted with approval by the Supreme Court in Lamb v. Condon, 276 Pa. 544, 547, and in Merion Township School District v. Evans, 295 Pa. 280, 285.

In Mangan v. Schuylkill County, 273 Pa. 310, 313, the Supreme Court, in construing the act, defined the words "fictitious" and "assumed" as follows:

". . . We are of opinion the word 'fictitious' is here used as explanatory of 'assumed' and the two were not intended to have different meanings; that these two words have like meanings may be seen by the following excerpts from Webster's New International Dictionary: it defines 'assumed' thus— 'supposed, pretended, make believe,' and 'fictitious' thus—'feigned, imaginary, pretended, not real, counterfeit, false, not genuine, arbitrarily invented or devised.' It is in these general senses that both words are employed in the statute before us."

In Hughes & Dier v. McClure, 77 Pa. Superior Ct. 325, 327, it was held that the firm name of "Hughes & Dier," designating a partnership composed of two men bearing those names, was not fictitious, and the court expressly ruled that it is not necessary that the business name used shall disclose the whole names of the owners of the business.

In Moyer v. Kennedy, 76 Pa. Superior Ct. 523, the court held that the firm name of "Moyer & Carpenter" was fictitious where the firm consisted of three members named Moyer, Carpenter and Miller. The court said (page 527):

"Instead of being a partnership formed by two, there were three partners. The title or style negatives the thought that there are three partners. It is, therefore, fictitious. It conveys a false impression."

In Merion Township School District v. Evans, 295 Pa. 280, 285, it was held that the firm name of "McCabe Brothers" was not fictitious where the owners of the business were in fact brothers bearing that name.

In Hartle v. Carlson, 70 Pitts. L. J. 223, it was held that where a father and son conducted a business in the name of "M. A. Hartle and Son," they were not trading under a fictitious name within the meaning of the act of assembly.

In Snaman v. Maginn, 77 Pa. Superior Ct. 287, 289, it was held that the title "Snaman Realty Company" was fictitious. The plaintiff, Snaman, was the sole owner of the business. Likewise, in Com., to use, v. Palmer, 3 D. & C. 650, 651, the Court of Common Pleas of Dauphin County held that the name "Hagerling Motor Car Company" was fictitious where the business was owned by a single individual. In that case Judge Hargest said:

"An individual cannot be a company. This name implies a corporate existence rather than a single individual trading in that capacity. Therefore, it is a pretended and arbitrarily devised name."

In Ferraro v. Hines, 77 Pa. Superior Ct. 274, 276, the title "A. Ferraro & Company" was held to be fictitious where the business was owned by Albert Ferraro and Amelia Ferraro, his wife. The court there said:

"The word 'company' gives no notice as to who the other member or members of the firm are. There may be one or many. Certainly it does not indicate that Amelia Ferraro was the other member. It might apply to anyone. The word is impersonal."

In Stevens v. Meade, 13 D. & C. 9, the Court of Common Pleas of Delaware County held that the name "Albert Stevens Hardwood Flooring Company" was not fictitious where the business was owned by a single individual named Albert Stevens. This would seem to be contrary to the ruling of the Superior Court in Snaman v. Maginn, supra, and also contrary to the apparently better reasoning of Judge Hargest in Com. v. Palmer, supra. It appears from the report of the case, however, that the court was treating it as though the plaintiff were doing business under the title of "Albert Stevens trading as Albert Stevens Hardwood Flooring Company." Of course, if he was actually trading under this name there was nothing assumed or fictitious about it, because he disclosed not only his complete name but the fact that no other person was associated with him in the business.

In Lamb v. Condon, 276 Pa. 544, 547, it was held that the business name of "Lamb and Company" was fictitious, the whole business being owned by one man.

The principles to be drawn from these rulings may be summarized as follows:

The act is a penal act and is not to be construed to extend beyond the purposes for which it was obviously enacted, namely, to inform the public as to the persons with whom they are dealing. Business names which correctly state or indicate the identity of the persons engaged in the business need not be registered. Nor is it necessary that the designation shall disclose the full name of each member. The test is whether the name used is assumed, fictitious, feigned, "not real," or "not genuine."

The use of the word "company" in any title is practically sure to render the name fictitious, unless the true situation is otherwise disclosed by the title. It creates an impression either of incorporation or of the association of several persons. If used by one person alone, it is deceptive. If used by several, it gives no hint as to their identity. In this it differs from the words "brothers" and "sons." The latter words necessarily indicate a family name.

A type of name commonly in use which seems to have been considered in only two cases is illustrated by such titles as "Edwards' Book Store," "The Lewis Flower Shop" and "Bender's Business College."

In Myers v. Campbell, 40 Lanc. L. Rev. 617, the plaintiff was doing business under the name of "Myers Accessory House." The court, however, apparently looked only at the caption of the litigation before it and from that treated the case as though the plaintiff had been doing business under the designation of "George W. Myers, trading as Myers Accessory House." It was held that the plaintiff was not using a fictitious name, but the court's opinion went off on the point that the plaintiff was using his own full name in addition to the name "Myers Accessory House."

In Sykes v. Penna. R. R. Co., 28 Dist. R. 1037, the Court of Common Pleas of Cameron County held that the title "Sykes Department Store" used by the individual owner, Fanny Sykes, was assumed or fictitious. The opinion contains almost no discussion on the point, and does not consider any other cases construing the act. In view of the authorities to which we have referred, we are not able to agree with the conclusion of the court in that case.

In our opinion, names of the kind illustrated in the third paragraph above are not fictitious within the meaning of the act as long as only persons owning or operating the various enterprises are the ones designated or indicated in the names themselves. Such titles are not feigned or assumed or pretended or false. They are genuine. They give the name of the proprietor and append a description of the nature of the business. They in no way tend to deceive or

to create a false impression or to leave the owners, or some of them, undisclosed. Therefore, we advise you that a title which contains the family name of the proprietor or all the proprietors (but without use of the word "company") and appends words descriptive of the business is not fictitious. We do not consider it sufficient, however, if the proprietor's first name only is used, as, for example, "Mary's Beauty Shop."

The following examples will illustrate the application of the principles we have deduced from the authorities.

1. Types of names which are not fictitious and need not be registered:

(a) "John Smith, trading as Smith Lumber Company."

(b) "Scott and Adams," provided there are but two partners and they bear those names.

(c) "Alexander Brothers," provided that there are at least two owners and they are brothers named Alexander. It cannot matter that these Alexanders may have other brothers who are not in the firm.

(d) "Jackson and Sons" under conditions similar to those last above stated.

(e) "Edwards' Book Store," if the sole owner is Edwards.

(f) "The Lewis Flower Shop," if the sole owner is Lewis.

2. Types of names that are fictitious and should be registered:

(a) "Martin and Miller," when there are other partners than the two named, or when there is but a single owner.

(b) "Jones and Company," "The Jones Company," or "The Jones Printing Company."                    From C. P. Addams, Harrisburg, Pa.